## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Thomas G. Keefe and Dawn K. Keefe, individually and on behalf of those similarly situated | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) ) | |
| Evergreen Investment Management Co LLC, Evergreen Fixed Income Trust, Evergreen Investment Services, Inc., and Evergreen Distributor, Inc., Dennis H. Ferro, Kasey Phillips, Charles A. Austin III, Shirley L. Fulton, K. Dun Gifford, Leroy Keith, Jr., Gerald M. McDonnell, Patricia B. Norris, William Walt Pettit, David M. Richardson, Russell A. Salton III, Michael S. Scofield, Richard J. Shima, and Richard K. Wagoner, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## CLASS ACTION COMPLAINT
## FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

1.     Plaintiffs Thomas G. Keefe and Dawn K. Keefe  (the "Plaintiffs") bring this litigation on their own behalf, and in a representative capacity on behalf of a class of other investors, and make the following allegations based upon an investigation by Plaintiffs' counsel of, among other things, publicly available securities filings, news articles and other mass media reports, analyst reports, press releases, investor communications and other public statements issued by Evergreen Funds, Evergreen Investments, Wachovia Global Asset Management, Wachovia Corporation, and/or certain of their officers, directors or trustees concerning the Evergreen Ultra Short

Opportunities Fund (the "Fund") (collectively referred to as "Defendants"). Plaintiffs believe that substantial additional evidentiary support for Plaintiffs' allegations will be obtained after a reasonable opportunity to conduct discovery of the Defendants.

### NATURE OF THE ACTION

2.    This is a securities class action on behalf of all persons and entities, other than Defendants and certain other individuals and entities identified below, who, within three years of the filing of this lawsuit, purchased or otherwise acquired shares of the Fund pursuant or traceable to a Registration Statement, Prospectus and/or registration statement amendments and prospectus supplements of the Fund ("Registration Statement/Prospectus") and who seek to pursue remedies under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (the "Class").

### JURISDICTION AND VENUE

3.    The claims asserted herein arise under and pursuant to 15 U.SC. §§77k, 77l(a)(2) and 77o (Sections 11, 12(a)(2) and 15 of the Securities Act). In connection with the acts complained of, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §77v (Section 22 of the Securities Act).

5.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the management of the Fund is based out of, and its primary operations are conducted in this District. Indeed, the investment decisions were made and the challenged materially false and misleading statements were issued from within this District.

6.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstates telephone communications and the facilities of the national securities markets.

### PARTIES

7.     Plaintiffs, Thomas G. Keefe and Dawn K. Keefe, acquired 5,144 shares of the Fund pursuant and/or traceable to the Registration Statement/Prospectus during the Class Period.  Plaintiffs have been damaged thereby.  A certification of Plaintiffs' purchases is attached hereto as Exhibit A.

8.     Defendant Evergreen Investment Management Company, LLC ("EIMC"), serves as investment advisor to the Fund.  EIMC has a principal place of business at 30 Dan Road, Canton, Massachusetts 02021-2809.  EIMC also manages about 90 other stock, bond, and money market mutual funds and purports to serve more than four million individual and institutional investors through a broad range of investment products.  As the 25th largest asset management company in the United States, EIMC employs approximately 300 investment professionals and manages more than $258 billion in assets.

9.     Defendant Evergreen Fixed Income Trust (the "Trust"), is a Delaware statutory trust organized on September 18, 1997, with its principal place of business at 200 Berkeley Street Boston, Massachusetts 02116.  The Trust is an open-end management investment company registered under the Investment Company Act of 1940, as amended (the "1940 Act").

3

10.     Defendant Evergreen Investment Services, Inc. ("EIS"), with its principal place of business also located at 200 Berkeley Street, Boston, Massachusetts 02116, distributes Evergreen mutual funds under the Evergreen Investments$^{SM}$ service mark. Evergreen Investments is the brand name under which Wachovia Corporation conducts its investment management business.

11.     Defendant Evergreen Distributor, Inc. ("EDI"), with its principal place of business located at 90 Park Avenue, New York, New York 10016, markets the Fund through various broker-dealers and other financial representatives.

12.     Defendant Dennis H. Ferro is the President and Chief Executive Officer of Evergreen Investment Company, Inc. and a Principal Executive Officer of the Trust. Defendant Ferro signed various United States Securities & Exchange Commission ("SEC") filings alleged to be materially false and misleading.

13.     Defendant Kasey Phillips is the Principal Financial Officer of the Trust. Defendant Phillips signed various SEC filings alleged to be materially false and misleading.

14.     Defendant Charles A. Austin III has been a member of the Evergreen Board of Trustees for all relevant periods herein.  Defendant Austin signed various SEC filings alleged to be materially false and misleading.

15.     Defendant Shirley L. Fulton has been a member of the Evergreen Board of Trustees since 2004.  Defendant Fulton signed various SEC filings alleged to be materially false and misleading.

16.     Defendant K. Dun Gifford has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant Gifford signed various SEC filings alleged to be materially false and misleading.

17.     Defendant Dr. Leroy Keith, Jr. has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant Keith signed various SEC filings alleged to be materially false and misleading.

18.     Defendant Gerald M. McDonnell has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant McDonnell signed various SEC filings alleged to be materially false and misleading.

19.     Defendant Patricia B. Norris has been a member of the Evergreen Board of Trustees since 2006. Defendant Norris signed various SEC filings alleged to be materially false and misleading.

20.     Defendant William Walt Pettit has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant Pettit signed various SEC filings alleged to be materially false and misleading.

21.     Defendant David M. Richardson has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant Richardson signed various SEC filings alleged to be materially false and misleading.

22.     Defendant Dr. Russell A. Salton III has been a member of the Evergreen Board of Trustees for all relevant periods herein. Defendant Salton signed various SEC filings alleged to be materially false and misleading.

23.     Defendant Michael S. Scofield has been a member of the Evergreen Board of Trustees for all relevant periods herein.  Defendant Scofield signed various SEC filings alleged to be materially false and misleading.

24.     Defendant Richard J. Shima has been a member of the Evergreen Board of Trustees for all relevant periods herein.  Defendant Shima signed various SEC filings alleged to be materially false and misleading.

25.     Defendant Richard K. Wagoner has been a member of the Evergreen Board of Trustees for all relevant periods herein.  Defendant Wagoner signed various SEC filings alleged to be materially false and misleading.

26.     Each of the Defendants identified in ¶¶ 12 - 25 above ("Individual Defendants") were responsible for the preparation, review, authorization, signature and/or filing of the Registration Statement, Prospectus and/or registration statement amendments and prospectus supplements of the Fund ("Registration Statement/Prospectus").

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Class.  Excluded from the Class are Defendants, the officers and directors of the Defendant companies at all relevant times, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, heirs, successors or assigns and any such excluded party.

6

28.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are thousands of members in the proposed Class.

29.     Owners of record of the Fund and other members of the Class may be identified from books and records maintained by Defendants, the Fund, EIS, EDI, or the Fund's transfer agent. Such owners of record and other class members may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class action litigation.

30.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' conduct in violation of federal law that is complained of herein.

31.     Plaintiffs do not have any interests antagonistic to, or in conflict with, the other members of the Class.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class and have retained counsel competent and experienced in class and securities litigation.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

        a.     Whether Sections 11, 12(a)(2) and 15 of the Securities Act were violated by Defendants' actions and/or omissions as alleged herein;

b.      Whether the Registration Statement, its subsequent amendments, and the related prospectus and prospectus supplements issued by Defendants to the investing public in connection with the sale of shares of the Fund negligently omitted and/or misrepresented material facts about the Fund, including but not limited to the Fund's investment objectives, risk disclosures, and known risks;

c.      Whether the Registration Statement, its subsequent amendments, and the related prospectus and prospectus supplements issued by Defendants to the investing public in connection with the sale of shares of the Fund contained untrue statements of material facts about the Fund, including but not limited to the Fund's investment objectives, risk disclosures, and known risks;

d.      The extent to which Class members have sustained damages; and

e.      The proper measure of such damages.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

35.     Furthermore, as the damages suffered by individual Class members may be relatively small compared to the costs of litigation to recover such losses, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.

36.     There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

37.    Evergreen Ultra Short Opportunities Fund (f/k/a Evergreen Ultra Short Bond Fund) (the "Fund") is a diversified series mutual fund of Defendant Evergreen Fixed Income Trust.

38.    The Fund was established on or about May 28, 2003, pursuant to the effective date of an amendment to a previously filed shelf registration.

39.    Fund shares were offered to investors pursuant to the amended registration statement filed with the SEC as a Form 485BPOS on or about May 23, 2003, a prospectus and various further registration statement and prospectus amendments throughout the relevant period ("Registration Statement/Prospectus").

40.    On or about June 2, 2003, shares of the Fund began publicly trading. The Fund issues shares through a variety of classes as follows: Class A, Class B, Class C and Class I. Those classes of shares trade under the ticker symbols, respectively, "EUBAX" for the Class A shares, "EUBBX" for the Class B shares, "EUBCX" for the Class B shares, and "EUBIX" for the Class I shares.

41.    The Fund calculates per share net asset value for each class of shares and discloses net asset Fund value on a per share class and a total Fund basis.

42.    Effective August 1, 2005, the Fund changed its name from Evergreen Ultra Short Bond Fund to Evergreen Ultra Short Opportunities Fund.

43.    The Fund is a mutual fund promoted or marketed by Defendants with a primary investment objective to "provide current income consistent with preservation of capital and low principal fluctuation."

44.    The Fund's Annual Report through the period ending June 30, 2006, filed with the SEC on Form N-CSR on September 6, 2006, also represented that the Fund's

investment "strategy is to seek the highest total return by maximizing income and minimizing price fluctuations...."

45.     These representations and statements are repeated throughout the Fund's Registration Statement/Prospectus, Defendants' marketing materials and other communications to Fund shareholders, Plaintiffs and Class members.

46.     Defendants   solicited   investors   to   the   Fund   through   written representations reflecting the relative safety of the investment based upon the stated investment objective of "preservation of capital and low principal fluctuation."

47.     Defendants' representations were effective in appealing to investors, as reflected in the tremendous growth of the Fund's assets from approximately $41 million as of June 30, 2003, to over $732 million as of March 31, 2008, their latest reporting period.

48.     In addition, the influx of such investment capital into the Fund helped enable Defendants to maintain an increasing and/or relatively stable per share class net asset value throughout the Class Period.

49.     In its Post-Effective Amendment No. 39 to the Registration Statement Form 485 BPOS pursuant to the Securities Act, filed with the SEC on October 26, 2007, the Fund represented that its primary investment objective was to "provide current income consistent with preservation of capital and low principal fluctuation." This statement was repeated throughout the Class Period in, among other places, the Fund's:

- Annual Report through the period ending June 30, 2007, filed with the SEC on Form N-CSR on September 4, 2007;

10

- Post-Effective Amendment No. 37 to the Registration Statement Form 485 BPOS pursuant to the Securities Act, filed with the SEC on October 26, 2006;

- Annual Report through the period ending June 30, 2006, filed with the SEC on Form N-CSR on September 6, 2006;

- 2006 Proxy Statement filed with the SEC on Form DEF 14A on February 8, 2006;

- Post-Effective Amendment No. 34 to the Registration Statement Form 485 BPOS pursuant to the Securities Act, filed with the SEC on October 28, 2005;

- Annual Report through the period ending June 30, 2005, filed with the SEC on Form N-CSR on September 6, 2005; and

- Post-Effective Amendment No. 30 to the Registration Statement Form 485 BPOS pursuant to the Securities Act, filed with the SEC on October 28, 2004.

50.    This stated objective, without further disclosure, was materially false and misleading because the Fund employed an undisclosed high risk strategy that led to realized losses of approximately eighteen percent (18%) of the net asset value.

51.    Moreover, the risk factors and other risk disclosures in the Registration Statement/Prospectus represented by Defendants in connection with the Fund's stated goals, objectives and investment strategy also were materially false and misleading because they were not sufficient or meaningful to advise investors of the actual risks associated with investing in the Fund.

52.    For example, while the Fund's risk disclosures warned that the Fund's investments were subject to risks of varying degree due to interest rate risk, credit risk, derivative instrument risk, and mortgage backed security risk, those disclosures were wholly inadequate because the Fund did not disclose that its specific investment strategies and practices, as impacted by those risks, entirely undermined the Fund's

stated investment objective to "provide current income consistent with preservation of capital and low principal fluctuation."

53.     Indeed, when Defendants announced on June 19, 2008, that the Fund was closing and liquidating its assets, Defendants disclosed that the Fund's total net assets were only $403 million across all share classes.  This is tremendously lower than the $731.4 million total asset value reported by the Fund just two and one-half months prior on March 31, 2008.

54.     Moreover, during the relevant period and up through the first week of June 2008, the Fund maintained relatively stable net asset per share values across all share classes.  Beginning on or about June 9, 2008, however, through the announced closing of the Fund on June 19, 2008, the Fund's per share net asset values declined precipitously across all share classes.  For example, on June 9, 2008, the per share net asset values for shares was $9.07 per share, and the per-share value had remained relatively stable throughout the Class Period trading in a range between $9 and $10 per share. By the time Defendants announced the closing and liquidation of the Fund on June 19, 2008, the disclosed per share net asset value had plummeted to close at $7.48 per share.

55.     Plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to June 19, 2008, when Defendants announced the closing and liquidation of the Fund.

56.     As reflected by the liquidation of the Fund and the decline in net asset value, Fund investors realized tremendous losses of approximately 18% in net asset value.

## COUNT I
### Violations of Section 11 of the Securities Act
### Against All Defendants

57.     Plaintiffs repeat and reallege each and every of the foregoing allegations above.

58.     Count I is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of Plaintiffs and the Class, against all Defendants.

59.     The Registration Statement/Prospectus, corresponding amendments and prospectuses and prospectus amendments, as well as other materials filed with the SEC, were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

60.     Defendant Evergreen Fixed Income Trust is the registrant for the shares of the Fund.  The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

61.     As issuer of the shares, Defendants are strictly liable to Plaintiffs and the Class for the misstatements and omissions.

62.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

63.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

64.     Plaintiffs acquired shares of the Fund during the Class Period and pursuant to the Registration Statement/Prospectus.

65.     Plaintiffs and the Class have sustained damages.  The value of the shares of the Fund declined substantially subsequent to and due to Defendants' violations.

66.     At the times they purchased or otherwise acquired shares of the Fund, Plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to June 19, 2008, when Defendants announced the closing and liquidation of the Fund.

67.     Less than one year has elapsed from the time that Plaintiffs discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiffs filed this Complaint.  Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiffs filed this Complaint.

### COUNT II
### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

68.     Plaintiffs repeat and reallege each and every of the foregoing allegations above.

69.     Count II is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of Plaintiffs and the Class, against all Defendants.

14

70.     Defendants were sellers and offerors and/or solicitors of purchasers of the shares of the Fund offered pursuant to the Registration Statement/Prospectus.

71.     The Registration Statement/Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

72.     The Individual Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement/Prospectus and participating in marketing the shares of the Fund to investors.

73.     Defendants owed to the purchasers of the shares of the Fund, including Plaintiffs and other Class members, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement/Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

74.     Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the offering materials as set forth above.

75.     Plaintiffs and other members of the Class purchased or otherwise acquired shares of the Fund pursuant to the defective Registration Statement/Prospectus.   Plaintiffs did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in Defendants' solicitation materials.

76.     By reason of the conduct alleged herein, these Defendants violated, and/or controlled a person who violated, § 12(a)(2) of the Securities Act.

77.     Accordingly, Plaintiffs and members of the Class who hold shares of the Fund have the right to rescind and recover the consideration paid for their shares of the Ultra-Short Fund and hereby elect to rescind and tender those shares to the Defendants sued herein.

78.     Plaintiffs and/or Class members who have sold their shares of the Fund are entitled to rescissory damages.

## COUNT III
### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

79.     Plaintiffs repeat and reallege each and every of the foregoing allegations above.

80.     Count III is brought pursuant to Section 15 of the Securities Act on behalf of Plaintiffs and the Class, against the Individual Defendants.

81.     Each of the Individual Defendants was a control person of the Fund by virtue of his or her position as a trustee and/or senior officer of the Trust, EMIC, the Fund, or other Defendant companies.

82.     The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of the Fund.

83.     Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on their having signed the Registration Statement/Prospectus and having otherwise participated in the process which allowed the sale of the shares of the Fund to be successfully completed.

16

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A.    Determining that this action is a proper class action and certifying Plaintiffs as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

B.    Awarding compensatory damages in favor of Plaintiffs and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.    Awarding rescission or a rescissory measure of damages as to Count II; and

E.    Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED: June ___23rd___, 2008

                              PAGE PERRY, LLC

                              J. Boyd Page
                              Georgia Bar No. 559025
                              James M. Evangelista
                              Georgia Bar No. 707807
                              David J. Worley
                              Georgia Bar No. 776665

1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
Telephone  (770) 673-0047
Facsimile  (770) 673-0120
jbpage@pageperry.com
jevangelista@pageperry.com
dworley@pageperry.com

MADDOX HARGETT & CARUSO, P.C.
Thomas A. Hargett
10100 Lantern Road
Suite 150
Fishers, Indiana 46037
Telephone  (317) 598-2040
Facsimile  (317) 598-2050
tahargett@mhclaw.com

DAVID P. MEYER & ASSOCIATES, CO. L.P.A.
David P. Meyer
Matthew R. Wilson
1320 Dublin Road
Suite 100
Columbus, Ohio 43215
Telephone (614) 224-6000
Facsimile (614) 224-6066
dmeyer@dmlaws.com
mwilson@dmlaws.com

PYLE, ROME, LICHTEN,
EHRENBERG & LISS-RIORDAN, PC

Betsy Ehrenberg, BBO # 554628
18 Tremont Street, Suite 500
Boston, MA 92108
Telephone (617) 367-7200
Facsimile (617) 367-4820

*Attorneys for Plaintiffs*

David P. Meyer & Associates Co., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
1-866-827-6537
www.dmlaws.com

# Exhibit A

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

and Dawn K. Keefe

Thomas G. Keefe ("Plaintiff"), declares as to the claims asserted, or to be asserted, under the federal securities laws, that:

1.  Plaintiff has reviewed the Evergreen Ultra Short Opportunities Fund (EUBAX) complaint.

2.  Plaintiff did not purchase any common stock/securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action under the federal securities laws.

2.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

3.  BEFORE the start of the Class Period, Plaintiff held 36,578 shares of Evergreen Ultra Short Opportunities Fund (EUBAX) common stock/securities.

4.  The following includes all of Plaintiff's transactions DURING the Class Period specified in the complaint for the common stock/securities that are the subject of this action:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | QUANTITY | TRADE DATE | PRICE PER SHARE/SECURITY |
|---|---|---|---|---|
| EUBAX -see attached | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Please list additional transactions on a separate sheet if necessary.

2.  Plaintiff's shares were acquired (check all that apply):  ☐ IRA   ☐ Employer-sponsored plan (401K, 403B, etc.)
    ☒ Non-retirement account.   ☐ Merger/acquisition   ☐ Other (describe): _____

3.  Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws within the past three years, unless otherwise stated in the space below:

4.  Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of June, 2008.

_____
SIGNATURE

Dawn K. Keefe

Currently Viewing          Select Account
Realized Gain/Loss      ·

EVERGREEN ULTRA SHORT                                                      Back To I
2008 Realized Gain/Loss Detail for

| Purchase Date | Sale Date | Quantity | Purchase Price Per Share | Purchase Amount | Sale Price Per Share | Sale Amount | Realized Gain/Loss | |
|---|---|---|---|---|---|---|---|---|
| 02/12/04 | 06/17/08 | 8,449.304 | $10.060 | $85,000.00 | $7.680 | $64,889.26 | $-20,110.74 | -23.6 |
| 03/18/04 | 06/17/08 | 17,361.111 | $10.080 | $175,000.00 | $7.680 | $133,330.46 | $-41,669.54 | -23.8 |
| 12/31/04 | 06/17/08 | 767.837 | $9.979 | $7,662.53 | $7.680 | $5,896.86 | $-1,765.67 | -23.0 |
| 12/30/05 | 06/17/08 | 1,168.787 | $9.891 | $11,560.56 | $7.680 | $8,976.09 | $-2,584.47 | -22.3 |
| 01/31/06 | 06/17/08 | 104.988 | $9.800 | $1,028.88 | $7.680 | $806.29 | $-222.59 | -21.6 |
| 02/28/06 | 06/17/08 | 102.288 | $9.780 | $1,000.38 | $7.680 | $785.55 | $-214.83 | -21.4 |
| 03/31/06 | 06/17/08 | 124.697 | $9.750 | $1,215.80 | $7.680 | $957.65 | $-258.15 | -21.2 |
| 04/28/06 | 06/17/08 | 109.397 | $9.740 | $1,065.53 | $7.680 | $840.15 | $-225.38 | -21.1 |
| 05/31/06 | 06/17/08 | 123.139 | $9.720 | $1,196.91 | $7.680 | $945.69 | $-251.22 | -20.9 |
| 06/30/06 | 06/17/08 | 128.590 | $9.720 | $1,249.69 | $7.680 | $987.55 | $-262.34 | -20.9 |
| 07/31/06 | 06/17/08 | 117.973 | $9.730 | $1,147.88 | $7.680 | $906.01 | $-241.87 | -21.0 |
| 08/31/06 | 06/17/08 | 127.368 | $9.750 | $1,241.84 | $7.680 | $978.17 | $-263.67 | -21.2 |
| 09/29/06 | 06/17/08 | 128.655 | $9.760 | $1,255.67 | $7.680 | $988.05 | $-267.62 | -21.3 |
| 10/31/06 | 06/17/08 | 125.884 | $9.780 | $1,231.15 | $7.680 | $966.77 | $-264.38 | -21.4 |
| 11/30/06 | 06/17/08 | 126.805 | $9.790 | $1,241.42 | $7.680 | $973.84 | $-267.58 | -21.5 |
| 12/29/06 | 06/17/08 | 141.165 | $9.770 | $1,379.18 | $7.680 | $1,084.12 | $-295.06 | -21.3 |
| 01/31/07 | 06/17/08 | 125.834 | $9.750 | $1,226.88 | $7.680 | $966.38 | $-260.50 | -21.2 |
| 02/28/07 | 06/17/08 | 124.683 | $9.780 | $1,219.40 | $7.680 | $957.54 | $-261.86 | -21.4 |
| 03/30/07 | 06/17/08 | 147.087 | $9.790 | $1,439.98 | $7.680 | $1,129.60 | $-310.38 | -21.5 |
| 04/30/07 | 06/17/08 | 137.654 | $9.780 | $1,346.26 | $7.680 | $1,057.16 | $-289.10 | -21.4 |
| 05/31/07 | 06/17/08 | 150.760 | $9.730 | $1,466.89 | $7.680 | $1,157.81 | $-309.08 | -21.0 |
| 06/29/07 | 06/17/08 | 151.210 | $9.720 | $1,469.76 | $7.680 | $1,161.27 | $-308.49 | -20.9 |
| 07/31/07 | 06/17/08 | 144.667 | $9.670 | $1,398.93 | $7.680 | $1,111.02 | $-287.91 | -20.5 |
| 08/31/07 | 06/17/08 | 163.238 | $9.630 | $1,571.98 | $7.680 | $1,253.64 | $-318.34 | -20.2 |
| 09/28/07 | 06/17/08 | 130.275 | $9.650 | $1,257.15 | $7.680 | $1,000.49 | $-256.66 | -20.4 |
| 10/31/07 | 06/17/08 | 150.207 | $9.630 | $1,446.49 | $7.680 | $1,153.56 | $-292.93 | -20.2 |
| 11/30/07 | 06/17/08 | 156.217 | $9.620 | $1,502.81 | $7.680 | $1,199.72 | $-303.09 | -20.1 |
| 12/31/07 | 06/17/08 | 147.218 | $9.540 | $1,404.46 | $7.680 | $1,130.61 | $-273.85 | -19.5 |
| 01/31/08 | 06/17/08 | 152.193 | $9.540 | $1,451.92 | $7.680 | $1,168.82 | $-283.10 | -19.5 |
| 02/29/08 | 06/17/08 | 159.285 | $9.470 | $1,508.43 | $7.680 | $1,223.28 | $-285.15 | -18.9 |
| 03/31/08 | 06/17/08 | 150.020 | $9.350 | $1,402.69 | $7.680 | $1,152.13 | $-250.56 | -17.8 |
| 04/30/08 | 06/17/08 | 155.999 | $9.240 | $1,441.43 | $7.680 | $1,198.05 | $-243.38 | -16.8 |
| 05/30/08 | 06/17/08 | 167.526 | $9.130 | $1,529.51 | $7.680 | $1,286.57 | $-242.94 | -15.8 |
| Total* | | 31,722.061 | | $317,562.59 | | $243,620.16 | $-73,942.43 | -23.3 |

*Total realized gain/loss does not include positions without a cost basis.

*Please Note: The "Realized Gain/Loss" information may include calculations based upon non- UBS Financial Services Inc. cost basis information. The
independently verify or guarantee the accuracy or validity of any information provided by sources other than UBS Financial Services Inc. In addition, if
positions with unavailable cost basis, the realized gain/loss for these positions are excluded in the calculation for the Total Realized Gain/Loss. As a re∶
not be accurate and are provided for informational purposes only. Clients should not rely on this information in making purchase or sell decisions, for ta
otherwise. Rely only on year-end tax forms when preparing your tax return.*

Friday, June 20, 2008

© UBS 1998-2006. All rights reserved. Wealth Management services in the United States are provided by UBS Financial Services Inc., a registered bro