**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) No. 1:08-CV-11064-NMG<br>)<br>) <u>CLASS ACTION</u><br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT ON BEHALF OF EVERGREEN INVESTMENT MANAGEMENT COMPANY, LLC, EVERGREEN INVESTMENT SERVICES, INC., <u>WACHOVIA CORPORATION, DENNIS H. FERRO AND KASEY PHILLIPS</u>**

Defendants Evergreen Investment Management Company, LLC ("EIMCO"), Evergreen Investment Services, Inc. ("EIS"), Wachovia Corporation ("Wachovia"), Dennis H. Ferro ("Ferro"), and Kasey Phillips ("Phillips") (collectively herein "Defendants"), by their undersigned attorneys, respectfully submit this Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint ("Complaint") and state as follows:

<u>**ANSWER**</u>

Each numbered paragraph of this Answer constitutes Defendants' answer to the same numbered paragraph of the Complaint. Defendants deny each and every allegation in the Complaint, as well as those contained in all headings and subheadings, except as expressly admitted herein.

1.     The allegations contained in paragraph 1 are characterizations of Plaintiffs' Complaint, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 1, except Defendants admit that Plaintiffs purport to bring this action pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§77k, 77l, and 77o.

2.     Paragraph 2 of Plaintiffs' Complaint is denied.

3.      Paragraph 3 of Plaintiffs' Complaint is denied.

4.      Paragraph 4 of Plaintiffs' Complaint is denied.

5.      Paragraph 5 of Plaintiffs' Complaint is denied.

6.      Paragraph 6 of Plaintiffs' Complaint is denied.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7.  Accordingly, those allegations are denied.  The remaining allegations of paragraph 7 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, these remaining allegations are denied.

8.      Defendants admit that the Evergreen Ultra Short Opportunities Fund ("the Fund") was liquidated on June 19, 2008 with shareholders of record as of June 18, 2008 receiving a cash distribution based on a $7.48 per share NAV, calculated after the close of business on June 18, 2008, and that the Fund's shares were priced at $9.07 per share on June 9, 2008.  Defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

9.      Paragraph 9 of Plaintiffs' Complaint is denied.

10.     Defendants admit that the Fund's fiscal year-end financial statements for the period ending June 30, 2008 have yet to be filed with the SEC.  The remaining allegations of paragraph 10 are denied.

11.     Defendants admit that Plaintiffs purport to bring this action pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§77k, 77l, and 77o.  The remaining allegations in paragraph 11 set forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 11 is denied.

12.     Paragraph 12 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 12 is denied.

13.     Paragraph 13 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 13 is denied.  By way of further answer, Defendants deny that the principal place of business of all Defendants is within this judicial district.

14.     Paragraph 14 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 14 is denied.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.  Accordingly, said allegations are denied.  By way of further answer, Defendants deny that Plaintiffs were damaged.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.  Accordingly, said allegations are denied.  By way of further answer, Defendants deny that Plaintiffs were damaged.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.  Accordingly, said allegations are denied.  By way of further answer, Defendants deny that Plaintiffs were damaged.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.  Accordingly, said allegations are denied.  By way of further answer, Defendants deny that Plaintiffs were damaged.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.  Accordingly, said allegations are denied.  By way of further answer, Defendants deny that Plaintiffs were damaged.

20.     Paragraph 20 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

21.     Defendant EIMCO admits that, during the time period at issue in Plaintiffs' Complaint, it was the investment adviser of the Fund and was a wholly owned subsidiary of Defendant Wachovia.  Defendants deny the remaining allegations of paragraph 21 of Plaintiffs' Complaint.

22.     Defendant EIS admits that during the time period at issue in Plaintiffs' Complaint, it was the underwriter and distributor of the shares of the Fund sold by Evergreen Trust.  Defendant EIS also admits that it marketed the Fund through broker-dealers and others.  Defendants EIMCO and EIS admit that their principal place of business is 200 Berkeley Street, Boston, Massachusetts.  Defendants deny the remaining allegations of paragraph 22 of Plaintiffs' Complaint.

23.     During the time period at issue in Plaintiffs' Complaint, Defendants admit that Wachovia was a diversified financial services company and one of the largest such providers in the United States.  It is further admitted that during that time, Wachovia had retail and commercial banking operations and nationwide retail brokerage, mortgage lending and auto finance businesses and was headquartered at 301 South College Street, Suite 4000, One Wachovia Center, Charlotte, North Carolina.  Defendants deny the remaining allegations of paragraph 23 of Plaintiffs' Complaint.

24.     Defendants admit that during the time period at issue in Plaintiffs' Complaint, Defendant Ferro was the President and Chief Executive Office of Evergreen Investments and the Principal Executive Officer of Evergreen Trust.  By way of further answer, Defendant Ferro retired from the above-referenced positions as of December 31, 2008.  With respect to the allegations that Defendant Ferro signed the Registration Statements and other SEC filings issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, said allegations are denied.  Defendants deny the remaining allegations of paragraph 24 of Plaintiffs' Complaint.

25.     Defendants admit that during the time period at issue in Plaintiffs' Complaint, Defendant Phillips was the Principal Financial Officer of Evergreen Trust. With respect to the allegations that Defendant Phillips signed the Registration Statements and other SEC filings issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, said allegations are denied.  Defendants deny the remaining allegations of paragraph 25 of Plaintiffs' Complaint.

26-37.  The allegations in paragraphs 26-37 are directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

38.     Paragraph 38 sets forth characterizations of Plaintiffs' Complaint and, therefore, no response is required.

39.     Paragraph 39 of Plaintiffs' Complaint is denied.

40.     Paragraph 40 of Plaintiffs' Complaint is denied.

41.     Paragraph 41 sets forth characterizations of Plaintiffs' Complaint, and therefore, no response is required.

42.     Paragraph 42 sets forth characterizations of Plaintiffs' Complaint, and therefore, no response is required.

43.     Paragraph 43 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 43 is denied.

44.     Paragraph 44 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 44 is denied.

45.     Paragraph 45 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 45 is denied.

46.     Paragraph 46 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 46 is denied.

47.     Paragraph 47 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 47 is denied.

48.     Paragraph 48 sets forth characterizations of Plaintiffs' Complaint and, therefore, no response is required.

49.     It is denied that Defendant EIMCO announced the formation of the Fund on July 14, 2003.  The remaining allegations of paragraph 49 of Plaintiffs' Complaint refer to a written document, the contents of which speak for itself.  Accordingly, said allegations are denied.

50.     Paragraph 50 of Plaintiffs' Complaint is admitted.

51.     It is admitted that the Fund was named the Ultra Short Bond Fund until August 1, 2005, when it began to be referred to as the Ultra Short Opportunities Fund.  It is denied that on June 14, 2007, the Fund merged with the Evergreen Limited Duration Fund, but maintained its name as the Ultra Short Opportunities Fund.  The remaining allegations of Paragraph 51 of Plaintiffs' Complaint refer to a written document, the contents of which speak for itself.  Accordingly, said allegations are denied.

52.     It is admitted that the Fund grew from $41 million in net assets as of June 30, 2003 to $731 million in net assets as of March 30, 2008.  The remaining allegations of paragraph 52 of Plaintiffs' Complaint refer to written documents, the contents of which speak for themselves.  Accordingly, said allegations are denied.

53.     Paragraph 53 of Plaintiffs' Complaint is denied.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged expert analysis of the Fund's average portfolio duration.  Accordingly, the allegations of paragraph 54 are denied.  To the extent Plaintiffs allege that their expert's conclusions about duration are accurate, Defendants deny said allegations.

55.     Paragraph 55 of Plaintiffs' Complaint is denied.

56.     Paragraph 56 of Plaintiffs' Complaint is denied.

57.     The allegations in the first sentence of paragraph 57 of Plaintiffs' Complaint refer to a written document, the contents of which speak for itself.  Accordingly, said allegations are denied.  Defendants deny the remaining allegations of paragraph 57 of Plaintiffs' Complaint.

58.     Paragraph 58 of Plaintiffs' Complaint is denied.

59.     Paragraph 59 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 59 is denied.

60.     Defendants deny the allegations in the first sentence of paragraph 60 of Plaintiffs' Complaint.  The remaining allegations of paragraph 60 and footnote 4 of Plaintiffs' Complaint are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, these allegations are denied.

61.     Paragraph 61 of Plaintiffs' Complaint is denied.

62.     Paragraph 62 of Plaintiffs' Complaint is denied.

63.     Paragraph 63 of Plaintiffs' Complaint is denied.

64.     Paragraph 64 of Plaintiffs' Complaint is denied.

65.     Paragraph 65 of Plaintiffs' Complaint is denied.

66.     Paragraph 66 of Plaintiffs' Complaint is denied.

67-83.  Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years. To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

84.     Paragraph 84 of Plaintiffs' Complaint is denied.

85.     Paragraph 85 of Plaintiffs' Complaint is denied.

86.     The allegations of paragraph 86 of Plaintiffs' Complaint are derived from a document in writing, the contents of which speak for itself.  Accordingly, said allegations are denied.

87.     The allegations of paragraph 87 of Plaintiffs' Complaint relate to an alleged "analysis conducted by Plaintiffs of selected mortgage-backed assets held by the Fund." Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, these allegations are denied.  Moreover, the allegations of paragraph 87 further purport to characterize "information obtained from Bloomberg" which being in writing speaks for itself.  Accordingly, those allegations are denied.  Finally, to the extent paragraph 87 purports to allege specific facts about holdings of the Fund, Defendants deny paragraph 87 in its entirety.

88.     Paragraph 88 of Plaintiffs' Complaint is denied.

89.     Paragraph 89 of Plaintiffs' Complaint is denied.

90.     Paragraph 90 of Plaintiffs' Complaint is denied.

91.     Paragraph 91 of Plaintiffs' Complaint is denied.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.  Accordingly, said allegations are denied.

93.     The allegations in paragraph 93 regarding Evergreen Trust are directed to a Defendant other than those represented in this Answer and, therefore, no response is required. Defendants admit that shares of the Fund were issued to investors pursuant to a series of Registration Statements.  Defendants deny the allegations of the third sentence of paragraph 93. The remaining allegations of paragraph 93 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 93 are denied.

94.     Defendants admit that the Fund was marketed and sold to investors pursuant to its Prospectus, as supplemented.  Defendants deny the last sentence of paragraph 94 of Plaintiffs'

Complaint.  The remaining allegations of paragraph 94 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 94 are denied.

95.     Defendants deny that Prospectuses were regularly supplemented by statements of additional information.  Defendants further deny the last sentence of paragraph 95 of Plaintiffs' Complaint.  The remaining allegations of paragraph 95 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 95 are denied.

96.     The allegations of paragraph 96 of Plaintiffs' Complaint are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, paragraph 96 is denied.

97.     Paragraph 97 of Plaintiffs' Complaint is denied.

98.     Paragraph 98 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  By way of further answer, the allegations of paragraph 98 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, paragraph 98 is denied.

99.     Paragraph 99 of Plaintiffs' Complaint is denied.

100.    Paragraph 100 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 100 are denied.

101.    Paragraph 101 of Plaintiffs' Complaint is denied.

102.    Paragraph 102 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 102 are denied.

103.    Paragraph 103 of Plaintiffs' Complaint is denied.

104.    Paragraph 104 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 104 are denied.

105.    Paragraph 105 of Plaintiffs' Complaint is denied.

106.    Paragraph 106 of Plaintiffs' Complaint is denied.

107.    Paragraph 107 of Plaintiffs' Complaint is denied.

108.    Paragraph 108 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 108 are denied.

109.    Paragraph 109 of Plaintiffs' Complaint is denied.

110.    Paragraph 110 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 110 are denied.

111.    Paragraph 111 of Plaintiffs' Complaint is denied.

112.    Paragraph 112 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for itself.  Accordingly, the allegations in paragraph 112 are denied.

113.    Paragraph 113 of Plaintiffs' Complaint is denied.

114.    The allegations of paragraph 114 of Plaintiffs' Complaint are derived from a document in writing, the contents of which speak for itself.  To the extent that responses may be deemed to be required, paragraph 114 is denied.

115.    Paragraph 115 of Plaintiffs' Complaint is denied.

116.    Defendants admit that the Fund had $41 million in assets under management as of June 30, 2003 and $731 million in assets under management as of March 31, 2008.  Defendants deny the remaining allegations in paragraph 116 of Plaintiffs' Complaint.

117.    Defendants admit that, on June 19, 2008, the Fund was liquidated for $7.48 per share and the Fund reported a total asset value of $403 million.  Defendants further admit that the Fund reported a total asset value of $731.4 million as of March 31, 2008.  Defendants deny the allegations in the third sentence of paragraph 117 of Plaintiffs' Complaint.  The remaining allegations in paragraph 117 are derived from a document in writing, the contents of which speak for itself.  To the extent that responses may be deemed to be required, these remaining allegations are denied.

118.    Paragraph 118 of Plaintiffs' Complaint is denied.

119.    Defendants admit that the $7.48 to be paid to shareholders was calculated after the close of business on June 18, 2008, and that, on June 9, 2008, the Fund's NAV was $9.07 per share.  The remaining allegations of paragraph 119 are denied.

120.    Paragraph 120 of Plaintiffs' Complaint is denied.

121.    Defendants admit that the Fund's fiscal year-end financial statement for the period ending June 30, 2008 have yet to be filed with the SEC  The remaining allegations of paragraph 121 are denied.

122.     Most of the allegations in paragraph 122 of Plaintiffs' Complaint set forth conclusions of law, to which no responses are required.  To the extent that responses to these allegations may be deemed to be required, the allegations are denied.  Defendants deny the remaining allegations in paragraph 122 of Plaintiffs' Complaint.

123.     Defendants admit that the Offering Materials contained risk disclosures. Defendants deny the remaining allegations of paragraph 123.

## COUNT I

124.     Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

125.     The allegations of paragraph 125 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 125 is denied.

126.     The allegations of paragraph 126 set forth conclusions of law, to which responses are not required.  By way of further answer, the allegations of paragraph 126 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, paragraph 126 is denied.

127.     The allegations in paragraph 127 are directed to a Defendant other than those represented in this Answer and, therefore, no response is required.   By way of further answer, paragraph 127 sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 127 is denied.

128.     Paragraph 128 of Plaintiffs' Complaint refers to written documents, the contents of which speak for themselves.  Further, with respect to Defendants Ferro, Phillips, and EIS,

paragraph 128 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  For these reasons, paragraph 128 is denied.

129.    Paragraph 129 of Plaintiffs' Complaint is denied.

130.    Paragraph 130 of Plaintiffs' Complaint is denied.

131.    Paragraph 131 of Plaintiffs' Complaint is denied.

132.    The allegations of paragraph 132 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 132 is denied.

133.    Paragraph 133 of Plaintiffs' Complaint is denied.

## COUNT II

134.    Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

135.    The allegations of the first sentence of paragraph 135 are characterizations of Plaintiffs' Complaint, and therefore no response is required.  Defendants deny the remaining allegations of paragraph 135 of Plaintiffs' Complaint.

136.    The allegations contained in paragraph 136 are characterizations of Plaintiffs' Complaint, and therefore no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 136.

137.    Paragraph 137 of Plaintiffs' Complaint is denied.

138.    Paragraph 138 of Plaintiffs' Complaint is denied.

139.    The allegations of paragraph 139 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139, and they are therefore denied.

140.    Paragraph 140 of Plaintiffs' Complaint is denied.

141.    The allegations contained in paragraph 141 are characterizations of Plaintiffs' Complaint, and therefore no response is required.

142.    Paragraph 142 of Plaintiffs' Complaint is denied.

## COUNT III

143.    Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

144.    The allegations contained in paragraph 144 are characterizations of Plaintiffs' Complaint, and therefore no response is required.  To the extent that a response is required, paragraph 144 is denied.

145.    The allegations of paragraph 145 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, Defendants admit that EIMCO was the investment adviser for the Fund; that Defendant Ferro was the President and Chief Executive Officer of EIMCO and Principal Executive Officer of Evergreen Trust; and that Wachovia was the corporate parent of EIMCO.  The remaining allegations of paragraph 145 are denied.

146.    The allegations of paragraph 146 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 146 is denied.

147.    The allegations of paragraph 147 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 147 is denied.

148.    The allegations of paragraph 148 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 148 is denied.

The WHEREFORE paragraph following paragraph 148 constitutes a prayer for relief and therefore no responses are required.  To the extent that responses may be deemed required, Defendants deny the allegations in sections (a) through (d) of this WHEREFORE paragraph, and Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof where such burden does not otherwise reside with Defendants, as separate and distinct defenses to the causes of action asserted in the Complaint, Defendants assert and allege as follows:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations including, but not limited to, the statute provided by Section 13 of the Securities Act of 1933.

3.    Defendants EIMCO and EIS have reached settlements with the SEC and the Commonwealth of Massachusetts, Office of the Secretary of the Commonwealth, Securities Division regarding the Fund.  The amounts to be paid pursuant to these settlements will fully compensate Class Plaintiffs for any alleged harm arising from the claims asserted in this case.

4.      Plaintiffs' claims fail, in whole or in part, because Plaintiffs knew or should have known of the facts upon which Plaintiffs base their claims of alleged misrepresentations and omissions.

5.      Count I of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 11(b)(3) of the Securities Act of 1933 because the Defendants against whom Count I is alleged (a) conducted a reasonable investigation and after such investigation had reasonable grounds for believing, and did believe, that the statements in any relevant registration statement and/or prospectus were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and/or (b) relied on the authority of, or statements, reports or valuations by, experts, and had no reason to believe that such statements, reports or valuations were false or misleading or were inaccurately represented in any relevant registration statements and/or prospectus.

6.      Counts I, II, and III of the Complaint are barred, in whole or in part, because the decline in NAV referred to in the Complaint and/or the decline in the value of Plaintiffs' securities were caused by factors, such as market forces, other than any alleged misstatements and omissions.  <u>See</u> 15 U.S.C. §§ 77k(e), 77l(b)

7.      Plaintiffs' claims are barred or fail, in whole or in part, because Defendants' conduct did not cause any harm to Plaintiffs.

8.      Plaintiffs' claims are barred or fail, in whole or in part, to the extent that Plaintiffs benefitted from any alleged misvaluation of the Fund's investments.

9.      Plaintiffs' claims are barred to the extent Plaintiffs are seeking recovery for losses allegedly incurred by Plaintiffs as a result of their holding shares of the Fund.

10.     Counts I, II, and III of the Complaint are barred, in whole or in part, because Plaintiffs have failed to plead those claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

11.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the alleged misrepresentations and omissions were not material statements of fact.

12.     Counts I, II, and III of the Complaint are barred, in whole or in part, by the "Bespeaks Caution" doctrine.

13.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the registration statements/prospectuses did not contain any untrue statements or omissions of material fact.

14.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the alleged wrongful conduct of Defendants is protected by the business judgment rule and cannot sustain a claim for violations of the Securities Act of 1933.

15.     This matter cannot be certified to go forward as a class action because Plaintiffs have not satisfied, and cannot satisfy, the requirements of Rule 23 of the Federal Rules of Civil Procedure.

16.     Count II of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 12(a)(2) of the Securities Act of 1933 because the Defendants against whom Count II is asserted did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions.

17.     Count III of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 15 of the Securities Act of 1933 because the Defendants against

whom Count III is asserted had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

18.     To the extent that Count I of the Complaint purports to hold Defendants Ferro and Phillips liable as signers of the registration statements/prospectuses, such count fails to the extent that Defendants Ferro or Phillips did not sign each relevant registration statement and/or prospectus.

19.     Plaintiffs' claims are barred or fail, in whole or in part, because of the lack of actual or proximate cause.

20.     Count II of the Complaint is barred because some or all Plaintiffs received a greater amount in dividends and total returns than any recovery they would receive should they prevail in this lawsuit.

21.     Count II of the Complaint is barred, in whole or in part, due to a lack of privity between Plaintiffs and Defendants.

22.     Count II of the Complaint is barred, in whole or in part, because Defendants, or one or more of them, did not offer or sell any security to any Plaintiff or any member of the alleged class.

23.     Some or all Plaintiffs lack standing to bring the claims asserted in the Complaint.

24.     Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, issue preclusion and/or claim preclusion.

25.     Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

26.     Plaintiffs' claims are barred, in whole or in part, by their own failure to mitigate their alleged damages.

27.     Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs on all claims and award such other and further relief to Defendants as this Court may deem just and proper.

Dated: July 15, 2009                                  Respectfully Submitted,


REED SMITH LLP

By:  _/s/ George M. Linge_____
       George M. Linge, BBO #648199
       Thomas L. Allen
       Joseph P. Pohl III
       REED SMITH LLP
       435 Sixth Avenue
       Pittsburgh, PA 15219
       Telephone (412) 288-3131
       Facsimile (412) 288-3063
       glinge@reedsmith.com
       tallen@reedsmith.com
       jpohl@reedsmith.com

       *Counsel for Evergreen Investment
       Management Co. LLC, Evergreen
       Investment Services, Inc., Wachovia
       Corporation, Dennis H. Ferro and
       Kasey Phillips*

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed on July 15, 2009 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by U.S. Mail to those identified non-registrants on the date of filing.


/s/ George M. Linge _____