UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) No. 1:08-CV-11064-NMG<br>)<br>) <u>CLASS ACTION</u><br>)<br>) |

**MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) BY DEFENDANTS EVERGREEN FIXED INCOME TRUST, CHARLES A. AUSTIN III, SHIRLEY L. FULTON, K. DUN GIFFORD, LEROY KEITH, JR., GERALD M. MCDONNELL, PATRICIA B. NORRIS, WILLIAM WALT PETTIT, DAVID M. RICHARDSON, RUSSELL A. SALTON III, <u>MICHAEL S. SCOFIELD, RICHARD J. SHIMA, and RICHARD K. WAGONER</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Evergreen Fixed Income Trust (the "Trust") and Charles A. Austin III, Shirley L. Fulton, K. Dun Gifford, Leroy Keith, Jr., Gerald M. McDonnell, Patricia B. Norris, William Walt Pettit, David M. Richard, Russell A. Salton III, Michael S. Scofield, Richard J. Shima, and Richard K. Wagoner (collectively, the "Trustees") move to dismiss Plaintiffs' Amended Class Action Complaint (the "Complaint") for failure to state a claim upon which relief can be granted. Plaintiffs seek to recover for losses incurred in the Evergreen Ultra Short Opportunities Fund (the "Fund"). However, Plaintiffs cannot tie the Funds' losses to actionable violations under the Act. Plaintiffs' §§ 11 and 12 claims fail because the Complaint fails to competently allege any material misrepresentation in the Fund's Offering Materials. Additionally, Plaintiffs' §§ 11 and 12 claims fail because even if Plaintiffs could competently allege any material misrepresentation, Plaintiffs cannot satisfy the requirement contained in both § 11 and § 12 that the alleged material misrepresentation caused Plaintiffs' losses. Plaintiffs § 12 claim fails independently because the Trust and the Trustees are not statutory sellers for purposes of that section. Finally, Plaintiffs' § 15 claim is also deficient as a matter of law because there can be no violation of § 15 without an underlying violation of either

12000791_1.DOC

§ 11 or § 12 and even assuming, *arguendo*, an underlying violation, the Complaint does not allege sufficiently that the Trustees were control persons.  As further detailed in the accompanying Memorandum of Law in Support of Motion to Dismiss, the Trust and Trustees respectfully request this Court dismiss Plaintiffs' Complaint with prejudice.

| | |
|---|---|
| Dated: July 15, 2009 | Respectfully submitted, |
| | EVERGREEN FIXED INCOME TRUST, CHARLES A. AUSTIN, SHIRLEY L. FULTON, K. DUNN GIFFORD, LEROY KEITH, JR., GERALD M. MCDONNELL, PATRICIA B. NORRIS, WILLIAM WALT PETTIT, DAVID M. RICHARDSON, RUSSELL A. SALTON III, MICHAEL S. SCOFIELD, RICHARD J. SHIMA, and RICHARD K. WAGONER |
| | By their attorneys, |
| | ___/s/ Robert G. Jones_____<br>Robert G. Jones (BBO #630767 )<br>Matthew P. Garvey (BBO #655419)<br>Abraham R. George (BBO #668949)<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000<br>Robert.Jones@ropesgray.com |

12000791_1.DOC