UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) No. 1:08-CV-11064-NMG<br>)<br>) <u>CLASS ACTION</u><br>)<br>) |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS EVERGREEN FIXED INCOME TRUST, CHARLES A. AUSTIN III, SHIRLEY L. FULTON, K. DUN GIFFORD, LEROY KEITH, JR., GERALD M. MCDONNELL, PATRICIA B. NORRIS, WILLIAM WALT PETTIT, DAVID M. RICHARDSON, RUSSELL A. SALTON III, MICHAEL S. SCOFIELD, <u>RICHARD J. SHIMA, and RICHARD K. WAGONER</u>**

The Plaintiffs' opposition brief fails to engage the crucial points that warrant dismissal of all claims against the fund and its independent Trustees. Their argument centers almost entirely on the extra-jurisdictional *In re Charles Schwab Corporation Securities Litigation*, 257 F.R.D. 534 (N.D.Cal. Feb. 4, 2009). However, *Schwab* is too thin a reed to support Plaintiffs' case: the *Schwab* court did not address the sufficiency of Section 11 allegations under Rule 8, and its holdings regarding loss causation and liability under Sections 12(a)(2) and 15 are inconsistent with Supreme Court and First Circuit precedent. Because Plaintiffs have simply not made any competent allegations of material misstatements, their Complaint must be dismissed. Moreover, it is plain on the face of the Complaint that even if all of their allegations are true, Plaintiffs will not be able to establish loss causation, a ground that separately warrants dismissal. Finally, Plaintiffs' threadbare, conclusory allegations against the Trustees under Sections 12(a)(2) and 15 of the 1933 Securities Act do not pass muster under clear First Circuit precedent.

**I.      Plaintiffs Do Not Competently Allege Any Material Misstatements**

Plaintiffs' allegations challenging statements in the Offering Materials that spoke to the Fund's strategy and objectives are insufficient because there are no factual allegations that, if true, create a plausible inference that such statements were false or misleading. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). The supposed "expert" analysis of the durations of a quarter of the Fund's securities, described in the Complaint, is a telling example of the insufficiency of Plaintiffs' allegations. Even if the allegation were correct that a quarter of the Fund's securities had durations well in excess of the Fund's goal for *overall average* duration, the mere fact that the securities falling within this small sample exceeded a

stated goal for the Fund as a whole says nothing about whether the Fund's overall average exceeded the stated goal. It certainly says nothing at all about whether the statement about the *objective* of the Fund regarding average duration was in any way false or misleading. "General and indefinite" statements about objectives generally are not actionable, and accordingly a Section 11 claim challenging nearly identical statements by a mutual fund holding mortgage-backed securities was rejected in *In re TCW/DW North American Government Income Trust Securities Litigation*, 941 F. Supp. 326, 338 (S.D.N.Y. 1996). Plaintiffs' sole retort, as with most of their claims, is to point to *Schwab*. However, in *Schwab* the relevant motion to dismiss was brought solely under Rule 9(b),[1] and the only question for the Court was whether heightened pleading standards should apply. The *Schwab* court thus never addressed the sufficiency of the pleadings under Rule 8. As such, *Schwab* offers no support for the notion that Plaintiffs' bare allegations concerning the Fund's objectives state a claim under Section 11.

Plaintiffs similarly miss the core problem with their Complaint—insufficient factual allegations—in trying to argue that their allegations state a claim regarding comparisons of the Fund to others, the Fund's stated liquidity objectives and the Fund's mortgage-backed securities holdings. In comparing the Fund to two Lehman indices, the Offering Materials were clear, as Plaintiffs acknowledge, that the comparison was intended merely to provide "*some*" indication of the risks of investment by comparing the Fund's historic performance to the two Lehman indices. Pl.'s Opp. at 6. Such comparisons are simply not actionable, because no reasonable investor would look to a chart so qualified as providing an "exhaustive description" of the Fund's risks. *Hunt*, 159 F.3d at 730. Again, Plaintiffs' lone cite to the contrary, *Schwab*, is not

---

[1] The Schwab defendants also argued that plaintiffs could not establish loss causation.

on point—the court never even addressed whether plaintiffs' allegations regarding the fund comparisons there were adequate.

Plaintiffs' allegations regarding liquidity statements also are not actionable; indeed, they are unintelligible.  Plaintiffs' Complaint on this score rests on the false premise that private placements are *per se* illiquid.  That is plainly false, as Plaintiffs' own qualified description tacitly acknowledges that not *all* private placements are illiquid.  Comp. ¶60.  Plaintiffs vaguely allege that Defendants admitted that as of September 30, 2008, all of the Fund's holdings were illiquid, but never articulate how such an admission would be at all relevant to the Fund's liquidity during the putative class period, which ended more than three months before that date and, therefore, prior to the market conditions prevailing as of late September 2008.  Clearly such an "admission" has no relevance to the percentage of illiquid securities amongst the Fund's holdings during the class period, because it is natural that the only securities remaining in the Fund more than three months after its liquidation were the illiquid ones.

With respect to their allegations regarding mortgage-backed securities, Plaintiffs do not address the two cases Defendants cited in their opening brief, *Community Bancorp* and *Hunt*, both of which are directly on point and demonstrate that where, as here, a fund discloses its holdings in mortgage-backed securities and the risks associated with such securities, the realization of losses on those securities does not give rise to a Section 11 claim.  Yet again, *Schwab* is of no help to Plaintiffs because the court there did not even address whether the misrepresentation allegations regarding mortgage-backed securities passed muster.  Plaintiffs' argument amounts to nothing more than proposing that ultrashort bond funds that seek "to provide current income consistent with preservation of capital and low principal fluctuation"

cannot purchase mortgage-backed securities, or at least cannot have some unspecified percentage of their holdings consist of such securities. There is simply no basis for such a *de facto* cap.

As demonstrated in the preceding paragraphs, Plaintiffs fail to competently plead a cause of action under the Securities Act. Perhaps cognizant of the insufficiency of their allegations, Plaintiffs shift gears at the motion stage and now insist in their opposition papers that the "gravamen" of their Complaint "is that Defendants mispriced the Fund's holdings, resulting in an artificially inflated NAV." Pl.'s Opp. at 8, n.11.[2] But neither Plaintiffs' Complaint nor their opposition papers offer any specific facts or coherent theory as to how misstatements about NAV amount to material misstatements under Section 11. The NAV is a number calculated and published *daily*. Plaintiffs do not point to a single NAV publication in any Offering Materials that they claim violated Section 11. Nor do Plaintiffs point to any alleged misstatements or omissions with regard to how the NAV was or would be calculated.

## II. It Is Clear On The Face Of The Complaint That Plaintiffs Cannot Demonstrate Loss Causation

Defendants have acknowledged that loss causation is an affirmative defense; however, it is also well-established that in certain circumstances it is apparent from the face of the pleadings that as alleged the plaintiff will not be able to demonstrate loss causation, and as such the complaint must be dismissed. *See In re Salomon Smith Barney Mut. Fund Fees Litig.* ("*Salomon*"), 441 F.Supp.2d 579, 591 (S.D.N.Y.2006) (dismissing plaintiffs' Securities Act

---

[2] NAV calculations were the subject of the cease-and-desist order brought by the SEC against the Fund's advisor, Evergreen Investment Management Company, LLC, and Evergreen Investment Services, Inc (collectively, "Evergreen"). The SEC alleged in the order that Evergreen overstated the Fund's NAV, but the order did not address any of the alleged misstatements in Offering Materials that are at issue here.

claims for failure to plead causation). Such a result is appropriate where, as here, Plaintiffs do not allege any misstatements that actually affected the NAV.[3]

Plaintiffs' argument that Defendants are trying to impose on them an improper pleading requirement is entirely off the mark. Indeed, even *Schwab*, upon which Plaintiffs rely, acknowledged that Section 11 claims may be dismissed on the pleadings where it is readily apparent that plaintiffs would be unable to establish loss causation. 257 F.R.D. at 546 ("District courts have dismissed Section 11 claims on the pleadings where it was apparent on the face of the complaint that the plaintiffs would be unable to establish loss causation."). And Plaintiffs completely mischaracterize two other cases upon which Defendants rely, *Salomon*, and *In re Van Wagoner Funds, Inc. Securities Litigation*, ("*Van Wagoner*") 382 F. Supp. 2d 1173 (N.D. Cal. 2004), both of which, contrary to Plaintiffs' argument, plainly did involve claims brought under Sections 11 and 12. *See Salomon*, 441 F. Supp. 2d at 588 ("The [c]ourt finds that [p]laintiffs fail to satisfy a fundamental element common to *all* the federal securities claims asserted – loss causation – and, accordingly, all of Plaintiffs' securities claims must be dismissed.") (emphasis added); *see also Van Wagoner*, 382 F. Supp. 2d at 1183 (finding that "because the [Amended Consolidated Complaint] does not adequately allege . . . loss causation, the [c]ourt GRANTS E&Y's motion to dismiss the [plaintiffs'] *Section 11* claim with leave to amend") (emphasis added).

Similarly, Plaintiffs miss the mark when confronting Defendants' reliance on the Supreme Court's holding in *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336 (2005). That reliance is misguided, Plaintiffs say, because *Dura* involved claims brought under Section 10(b) of the Securities Exchange Act and not Sections 11 or 12 of the Securities Act. *See* Pl.'s Opp. at

---

[3] Plaintiffs do argue that the miscalculation of the NAV by Evergreen was itself a "misstatement," but nowhere point to such a miscalculation in any Offering Materials. Moreover, a miscalculated NAV does not necessarily cause a loss.

19. The standard for establishing loss causation under Section 10(b) of the Exchange Act is *less* onerous than that for establishing loss causation under the Securities Act; thus, if Plaintiffs cannot establish loss causation under the less stringent *Dura* standard, then they certainly cannot do so under the more burdensome standard set by Section 11. *Compare* 15 U.S.C. § 77k(e) (Section 11) (limiting liability to "depreciation in value of such security resulting from such part of the registration statement . . . not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading") *with* 15 U.S.C. § 78u(b)(4) (Section 10(b)) ("plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages")[4]. The Section 10(b) plaintiff need only prove that the *subject* of defendant's misstatement caused the loss for which plaintiff seeks to recover damages. *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) ("[A] plaintiff must allege . . . loss causation, i.e., that the subject of the fraudulent statement or omission was the cause of the actual loss suffered."). The Section 11 plaintiff, on the other hand, must show that the depreciation in the value of the security directly resulted from the material misstatement itself. *See In re Mutual Funds Inv. Litig.*, 384 F. Supp. 2d 845, 865-67 (D. Md. 2005); *see also* David M. Geffen, *A Shaky Future for Securities Act Claims Against Mutual Funds*, 37 SEC. REG. L.J. 20, 38-40 (2009). If Plaintiffs cannot even prove that the subject of the alleged misstatement/omission caused their loss, then *a fortiori* they cannot prove that the misstatement *itself* caused the depreciation in the value of the Fund's NAV.

---

[4] The loss causation standard in Section 12 of the Securities Act is effectively the same as that for Section 11. *See* 15 U.S.C. § 77l(b) ("In an action described in subsection (a)(2), if the person who offered or sold such security proves that any portion or all of the amount recoverable under subsection (a)(2) represents other than the depreciation in value of the subject security resulting from such part of the prospectus or oral communication, with respect to which the liability of that person is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statement not misleading, then such portion or amount, as the case may be, shall not be recoverable.").

The Opposition does not squarely respond to Defendants' argument that a finding of loss causation is foreclosed in this particular case. Plaintiffs argue that "[t]o the extent Defendants contend that Plaintiffs' losses were actually caused by external market conditions or other factors, Defendants' arguments in this regard are premature and inappropriate on a motion to dismiss." Pl.'s Opp. at 21 n. 25. But Plaintiffs have completely missed Defendants' argument. Defendants argue that it is plain from the Complaint that Plaintiffs cannot establish loss causation because, even if all of their allegations are true, none of the alleged misstatements or omissions could possibly have been the cause of Plaintiffs' alleged harm, a drop in NAV. This is not a question of fact. It assumes all facts in favor of the Plaintiffs and determines as a matter of law that a claim cannot be proven.

Here again, Plaintiffs address this issue obliquely, by referring to *Schwab*. But, as Defendants put forth in their opening brief, to the extent *Schwab* is on point, this Court should reject *Schwab*'s holding, as it failed to recognize that loss causation cannot be proven where, as here, plaintiffs who claim losses based on a decline in NAV fail to allege that any misstatement or omission affected the NAV by impacting its underlying components.

### III.    Plaintiffs Ignore Established First Circuit Case Law In Arguing that Defendants Are Sellers for Purposes of Section 12(a)(2) Or Control Persons For Purposes Of Section 15

Plaintiffs mount no serious opposition to Defendants' arguments for dismissal of their claims under Sections 12(a)(2) and 15. Instead, they ignore established First Circuit case law and rely on cases from outside this jurisdiction to argue that Defendants are sellers for purposes of Section 12(a)(2) of the Securities Act. In *Shaw v. Digital Equipment Corporation*, 82 F.3d 1194, 1216 (1st Cir. 1996), the First Circuit held that "neither involvement in preparation of a registration statement or prospectus nor participation in 'activities' relating to the sale of

securities, standing alone demonstrates the kind of *relationship between defendant and plaintiff* that could establish statutory seller status." *Id*. at 1216.  Other than their wholly conclusory allegation that Defendants solicited the sale of the Fund's shares, Plaintiffs' Complaint does nothing more than allege that the Trustees signed and participated in producing the Offering Materials.  This is not enough under the First Circuit's holding in *Shaw*.  The Opposition neither acknowledges nor attempts to distinguish the holding in *Shaw*; rather, it simply cites to *Schwab* and other cases from other jurisdictions.  Pl.'s Opp. at 22.  In doing so, Plaintiffs not only ignore *Shaw*, but several other decisions in this district.  *See, e.g. In re Sonus Networks, Inc.*, No. 04-10294, 2006 WL 1308165 (D. Mass. May 10, 2006) (following *Shaw* and finding that allegations that individual officers signed and assisted in the preparation of the offering materials insufficient under *Shaw*);  *see also In re Websecure, Inc. Sec. Litig.*, 182 F.R.D. 364, 369 (D. Mass. 1998) (holding that plaintiffs' generalized allegation that underwriters solicited investors' purchases insufficient for purposes of § 12(a)(2)).  Accordingly, Plaintiffs' Section 12 claim should be dismissed.

Similarly, Plaintiffs cite out-of-jurisdiction cases for the proposition that whether Defendants are "control persons" for purposes of Section 15 of the Securities Act is a question of fact.  *See* Pl.'s Opp. at 22-23.  While generally control is a fact-specific question, *see In re Learnout & Hauspie Sec. Litig.*, 286 B.R. 33, 39 (D. Mass. 2002), mere allegations that outside directors signed the Offering Materials, without more, are insufficient to demonstrate control. *Id.* at 43 ("Signatures are one factor supporting a control allegation, but plaintiffs must show signatures plus other indicia of control.") (Internal citation omitted).  Plaintiffs must allege facts indicating that Defendants did something beyond merely signing the registration statement to

prove control person liability.  Because Plaintiffs do not do so here, their Section 15 claims should be dismissed.

Dated: October 1, 2009

Respectfully submitted,

EVERGREEN FIXED INCOME TRUST, CHARLES A. AUSTIN, SHIRLEY L. FULTON, K. DUNN GIFFORD, LEROY KEITH, JR., GERALD M. MCDONNELL, PATRICIA B. NORRIS, WILLIAM WALT PETTIT, DAVID M. RICHARDSON, RUSSELL A. SALTON III, MICHAEL S. SCOFIELD, RICHARD J. SHIMA, and RICHARD K. WAGONER

By their attorneys,

   /s/ Robert G. Jones
Robert G. Jones (BBO #630767 )
Matthew P. Garvey (BBO #655419)
Abraham R. George (BBO #668949)
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
Robert.Jones@ropesgray.com

## **CERTIFICATE OF SERVICE**

      I, Matthew P. Garvey, hereby certify that a true and accurate copy of the foregoing Reply Brief in Support of Defendants' Motion to Dismiss electronically filed with the Court this 1st day of October, 2009, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                    /s/ Matthew P. Garvey
                                                    Matthew P. Garvey