**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) No. 1:08-CV-11064-NMG<br>)<br>) <u>CLASS ACTION</u><br>)<br>) **JOINT REPORT RE MEETING**<br>) **OF COUNSEL PURSUANT TO**<br>) **RULES 16 AND 26(f) OF THE**<br>) **FEDERAL RULES OF CIVIL**<br>) **PROCEDURE** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules for the U.S. District Court for the District of Massachusetts ("Local Rule 16.1"), the Parties respectfully submit the following Joint Report in advance of the June 24, 2010 Scheduling Conference.

**I.      SHORT STATEMENT OF THE CASE**

   **A.      Plaintiffs' Statement**

This consolidated class action is brought on behalf of investors in the Evergreen Ultra Short Opportunities Fund (the "Fund") who were harmed as a result of Defendants' violations of §§11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"). Plaintiffs allege that Defendants operated the Fund, which was marketed and sold as a stable, "ultrashort" bond fund that provides "current income consistent with preservation of capital and low principal fluctuation." In reality, the Fund was not an ultrashort bond fund, let alone one that preserved capital and maintained low principal fluctuation, because it was significantly comprised of assets

that were illiquid, not short-term in nature and otherwise riskier than represented. In addition, Defendants inaccurately priced the Fund's holdings, thus obscuring their true value and causing a dramatically overstated Net Asset Value ("NAV"). Eventually, the true risks presented by the Fund's assets – which were unknown to the investing public throughout the Class Period[1] – materialized, resulting in the downward re-pricing of the Fund's assets, the Fund's closure, and staggering losses to the Fund's investors.

### B. Defendants' Statement

Defendants' deny Plaintiffs' allegations that Defendants violated the Securities Act. The Fund was managed consistent with its stated investment goals and strategies, as set forth in Fund Prospectuses and other related communications regarding the Fund. These materials also adequately described the characteristics and potential risks posed by an investment in the Fund, such that Plaintiffs either were aware or should have been aware of them. Any losses suffered by Plaintiffs were caused by an unprecedented decline in financial markets across the globe and not by any conduct of Defendants.

To the extent that Plaintiffs' claims rely on allegations that Defendants inaccurately priced the Fund's holdings, thereby affecting the NAV of the Fund and obscuring its true value, the United States Securities and Exchange Commission ("SEC") and the Massachusetts Office of the Secretary of the Commonwealth, Securities Division ("Mass Securities Division") conducted an investigation into the Fund, and, particularly, the valuation of the Fund. Following a nearly year-long investigation, on June 8, 2009 both the SEC and the Mass Securities Division announced a settlement with Defendants Evergreen Investment Management Company, LLC ("EIMCO") and Evergreen Investments Services, Inc. ("EISI") (the "Regulatory Settlement"). Pursuant to the Regulatory Settlement, EIMCO and EISI, without admitting or denying liability,

---

[1] The Class Period is October 28, 2005 through June 18, 2008.

agreed, *inter alia*, to establish a fund in excess of $40 million to compensate Fund holders and pay related penalties. Named Plaintiffs, as well as other putative class members, will be receiving payments from the Regulatory Settlement. These payments will fully compensate Named Plaintiffs and the putative class for any alleged harm arising from the claims asserted in this case.

**II.      RULE 26(f) SUBJECTS**

    **A.      Rule 26(a) Initial Disclosures (Rule 26(f)(1))**

All information and documents to be exchanged pursuant to Rule 26(a)(1) shall be served on opposing counsel no later than two weeks after entry of a scheduling order.

    **B.      Discovery Subjects (Rule 26(f)(2))**

Plaintiffs seek discovery on, *inter alia*, the following general subjects:

(1) The Fund's investment strategy, operations, investments, pricing, and marketing;

(2) Relationship between and among the Defendants and the control each of the defendants exercised over the Fund;

(3) Information relating to the valuation of the Fund and the calculation of the NAV;

(4) Information relating to any government investigations, oversight and ratings, pending lawsuits, attorney general or enforcement actions;

(5) Information related to the preparation of all public statements regarding the Fund, including Class Period Prospectuses and Statements of Additional Information;

(6) Defendants' insurance coverage;

(7) Defendants' document retention policy(ies); and

(8) Defendants' information technology systems, electronic data, databases, and sources of electronic data.

Defendants seek discovery on, *inter alia*, the following general subjects:

(1) Identity and characteristics of the Named Plaintiffs, including but not limited to their investment policies, objectives, investment history and experience and investment holdings;

(2) Named Plaintiffs' communications with Defendants regarding the Fund, including but not limited to materials or documents provided to Named Plaintiffs by Defendants regarding the Fund;

(3) Named Plaintiffs' communications with investment advisors, financial advisors, brokers, or consultants regarding their investments, including but not limited to investments in the Fund;

(4) Any analyses or due diligence performed by Named Plaintiffs' and/or their investment advisors, financial advisors, brokers, or consultants regarding their investments, including but not limited to investments in the Fund;

(5) Named Plaintiffs' communications with members and/or plan participants regarding investments, including but not limited to investments in the Fund;

(6) Named Plaintiffs' or their counsel's communications with putative class members, including but not limited to solicitations to putative class members;

(7) Named Plaintiffs' document retention policy(ies); and

(8) Named Plaintiffs' information technology systems, electronic data, databases, and sources of electronic data.

### C. Discovery of Electronically Stored Information (Rule 26(f)(3))

The parties have started to confer regarding the format and feasibility of producing documents in electronic form.

### D. Discovery Limitations (Rule 26(f)(5))

Because this case involves expert testimony and discovery of numerous defendants, five representative plaintiffs, and a multitude of third parties, and due to the complex nature of this case, the parties propose that the presumptive limits of Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit) be modified to permit a maximum of 25 depositions (including both fact and expert) and 50 interrogatories on each side.

## III. LOCAL RULE 16.1 SUBJECTS

### A. Discovery and Class Certification Schedule (Local Rule 16.1(d)(1) and 16.1(d)(2))

<u>Written Discovery</u>:  All written discovery shall be completed by February 11, 2011.

<u>Fact Witness Depositions</u>: All lay witness depositions shall be completed by May 13, 2011.

<u>Class Certification Motion</u>:

1. Opening Brief(s):

Plaintiffs shall file their motion(s) for class certification on or before April 15, 2011.  To the extent Plaintiffs intend to rely upon an expert(s) in connection with their motions for class certification, expert report(s) and related disclosures shall be included with Plaintiffs' motion(s). Plaintiffs shall make such expert(s), if any, available for deposition no later than thirty (30) days before the deadline to respond to the motion(s).

    2.  Defendants' Respons(es):

Defendants shall file any responses in opposition to class certification no later than sixty (60) days after the filing of Plaintiffs' motion(s), *i.e.*, June 15, 2011.  To the extent Defendants intend to rely upon the testimony of any expert(s), the expert report(s) and related disclosures shall be served with the opposition.  Defendants shall make such expert(s) available for deposition no later than ten (10) days before the deadline to file the reply to the opposition.

    3.  Plaintiffs' Reply:

Any reply in support of a motion regarding class certification shall be filed no later than thirty (30) days after the filing of any opposition regarding class certification, *i.e.*, July 15, 2011.

  **B.**  **Expert Discovery**

Plaintiffs shall serve their expert reports on all issues other than class certification, if any, and related disclosures no later than sixty (60) days after issuance of a ruling on class certification.  Plaintiffs shall make their expert(s) available for deposition no later than thirty (30) days before Defendants must serve their expert reports, if any.

Defendants shall serve their expert reports on all issues other than class certification, if any, and related disclosures no later than sixty (60) days after service of Plaintiffs' expert reports and related disclosures.  Defendants shall make their expert(s) available for deposition no later than twenty-one (21) days before Plaintiffs must serve their rebuttal expert reports, if any.

Plaintiffs shall serve any rebuttal expert reports and related disclosures, if any, no later than forty-five (45) days after service of Defendants' expert reports and disclosures.  Plaintiffs shall make any rebuttal expert(s) available for deposition no later than fourteen (14) days after service of their rebuttal expert reports.

**C.     Dispositive Motions**

1. Motions for Summary Judgment shall be filed no later than forty-five (45) days after the close of expert discovery.

2. Any party opposing any motion for summary judgment shall have forty-five (45) days to file an opposition.

3. Any reply brief shall be due within thirty (30) days after the filing of the response.

**D.     Miscellaneous**

**Amendments to the Pleadings.**  Any amendments to the pleadings shall be filed no later than September 3, 2010.

**Joinder of Parties.**  Any motion to join additional parties shall be filed no later than September 3, 2010.

**Pretrial Conference and Trial.**  A final pretrial conference and trial date shall be determined by the Court.

## OTHER ISSUES

**1.     Settlement Proposal Pursuant to Local Rule 16.1(c)**

In accordance with Local Rule 16.1(c), and pursuant to Federal Rule 408, Plaintiffs will present their written settlement proposal to Defendants no later than June 14, 2010.  Defendants intend to respond to Plaintiffs' proposal.

**2.     Certification Affirming Consideration of Costs Associated with Litigation and Use of Alternative Dispute Resolution (Locale Rule 16.1(d)(3))**

Plaintiffs' Certification:  Plaintiffs' certifications are attached hereto as Exhibit A.

Defendants' Certification:  Defendants' certifications are attached hereto as Exhibit B.

Respectfully submitted,

DATED:  June 7, 2010    ROBBINS GELLER RUDMAN & DOWD LLP
JACK REISE (*pro hac vice*)
MICHAEL L. GREENWALD (*pro hac vice*)


                s/ JACK REISE
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

EVANGELISTA & ASSOCIATES, LLC
JAMES M. EVANGELISTA
DAVID J. WORLEY
One Glenlake Parkway, Suite 700
Atlanta, GA  30328
Telephone:  404/478-7195
404/478-7139 (fax)

COHEN, PLACITELLA & ROTH, P.C
STEWART L. COHEN
WILLIAM D. MARVIN
MICHAEL COREN
Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone:  215/567-3500
215/567-6019 (fax)

Co-Lead Counsel for Plaintiffs

PYLE ROME EHRENBERG, P.C.
BETSY EHRENBERG, BBO #554628
18 Tremont Street, Suite 500
Boston, MA  02108
Telephone:  617/367-7200
617/367-4820 (fax)

Liaison Counsel for Plaintiffs

REED SMITH LLP

By: /s/ GEORGE M. LINGE
    George M. Linge, BBO #648199
    Thomas L. Allen
    Joseph P. Pohl III
    225 Fifth Avenue
    Suite 1200
    Pittsburgh, PA  15222
    (412) 288-3131
    glinge@reedsmith.com
    tallen@reedsmith.com
    jpohl@reedsmith.com

    *Counsel for Evergreen Investment Management Co. LLC, Evergreen Investment Services, Inc., Wachovia Corporation, Dennis H. Ferro and Kasey Phillips*

ROPES & GRAY LLP

By: /s/ ROBERT G. JONES
    Robert G. Jones BBO #630767
    Abraham R. George BBO #668949
    ROPES & GRAY LLP
    One International Place
    Boston, MA 02110-2624
    (617) 951-7000
    Robert.Jones@ropesgray.com
    Abraham.George@ropesgray.com

    *Counsel for Evergreen Fixed Income Trust, Charles A. Austin, Shirley L. Fulton, K. Dunn Gifford, Leroy Keith, Jr., Gerald M. McDonnell, Patricia B. Norris, William Walt Pettit, David M. Richardson, Russell A Salton III, Michael S. Scofield, Richard J. Shima, and Richard K. Wagoner*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ JACK REISE
JACK REISE