# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | )  No. 1:08-CV-11064-NMG<br>)<br>)  <u>CLASS ACTION</u><br>)<br>) |

**ANSWER OF DEFENDANTS EVERGREEN FIXED INCOME TRUST, CHARLES A. AUSTIN III, SHIRLEY L. FULTON, K. DUN GIFFORD, LEROY KEITH, JR., GERALD M. MCDONNELL, PATRICIA B. NORRIS, WILLIAM WALT PETTIT, DAVID M. RICHARDSON, RUSSELL A. SALTON III, MICHAEL S. SCOFIELD, <u>RICHARD J. SHIMA, and RICHARD K. WAGONER</u>**

Defendants Evergreen Fixed Income Trust, Charles A. Austin III, Shirley L. Fulton, K. Dun Gifford, Leroy Keith, Jr., Gerald M. McDonnell, Patricia B. Norris, William Walt Pettit, David M. Richardson, Russell A. Salton III, Michael S. Scofield, Richard J. Shima, and Richard K. Wagoner by their undersigned attorneys, respectfully submit this Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint ("Complaint") and state as follows:

<u>**ANSWER**</u>

Each numbered paragraph of this Answer constitutes Defendants' answer to the same numbered paragraph of the Complaint.  Defendants deny each and every allegation in the Complaint, as well as those contained in all headings and subheadings, except as expressly admitted herein.

**I.      NATURE OF ACTION**

1.      The allegations contained in paragraph 1 are characterizations of Plaintiffs' Complaint, and therefore no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 1, except Defendants admit that Plaintiffs purport to bring this action pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o.

2.      Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 7.  Accordingly, those allegations are denied.  Further answering, Defendants state that the remaining allegations of paragraph 7 are derived from documents in writing, the contents of which speak for themselves. To the extent that responses may be deemed to be required, these remaining allegations are denied.

8.      Defendants admit that the Evergreen Ultra Short Opportunities Fund ("the Fund") was liquidated on June 19, 2008, with shareholders of record as of June 18, 2008 receiving a cash distribution based on $7.48 per share NAV, calculated after the close of business on June 18, 2008, and that the Fund's shares were priced at $9.07 per share on June 9, 2008.  Further answering, Defendants deny the remaining allegations of paragraph 8 of the Plaintiffs' Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.      Defendants admit that the Fund's fiscal year-end financial statements for the period ending June 30, 2008 have yet to be filed with the SEC.  The remaining allegations of paragraph 10 are denied.

## II.      JURISDICTION AND VENUE

11.      Defendants admit that Plaintiffs purport to bring this action pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o.  The remaining allegations in paragraph 11 set forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 11 is denied.

12.      Paragraph 12 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 12 is denied.

13.      Paragraph 13 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 13 is denied.  Further answering, Defendants deny that the principal place of business of all Defendants is within this judicial district.

14.      Paragraph 14 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 14 is denied.

## III.    PARTIES

### A.    Plaintiffs

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.  Accordingly, such allegations are denied. Further answering, Defendants deny that Plaintiffs were damaged.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.  Accordingly, such allegations are denied. Further answering, Defendants deny that Plaintiffs were damaged.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.  Accordingly, such allegations are denied. Further answering, Defendants deny that Plaintiffs were damaged.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.  Accordingly, such allegations are denied. Further answering, Defendants deny that Plaintiffs were damaged.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.  Accordingly, such allegations are denied. Further answering, Defendants deny that Plaintiffs were damaged.

### B.    Defendants

20.    Defendant Evergreen Trust admits that it is a Delaware organized entity that has its principal place of business at 200 Berkeley Street, Boston, Massachusetts.  Defendant also

admits that it issued the shares of the Fund.  Defendant denies the remaining allegations of paragraph 20 of Plaintiffs' Complaint.

21.     Paragraph 21 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

22.     Paragraph 22 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

23.     Paragraph 23 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

24.     Paragraph 24 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

25.     Paragraph 25 of Plaintiffs' Complaint is directed to a Defendant other than those represented in this Answer and, therefore, no response is required.

26.     Defendant Austin admits that during the time period at issue in Plaintiffs' Complaint, Defendant Austin was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Austin signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 26 of Plaintiffs' Complaint.

27.     Defendant Fulton admits that during the time period at issue in Plaintiffs' Complaint, Defendant Fulton was a member of the Evergreen Board of Trustees.  With respect to

the allegations that Defendant Fulton signed the Registration Statements issued by Evergreen

Trust during the time period at issue in the Complaint, such allegations refer to written

documents, the contents of which speak for themselves.  Accordingly, such allegations are

denied.  Defendants deny the remaining allegations of paragraph 27 of Plaintiffs' Complaint.

28.     Defendant Gifford passed away in May 2010.  Defendants admit that during the

time period at issue in Plaintiffs' Complaint, Gifford was a member of the Evergreen Board of

Trustees.  With respect to the allegations that Gifford signed the Registration Statements issued

by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to

written documents, the contents of which speak for themselves.  Accordingly, such allegations

are denied.  Defendants deny the remaining allegations of paragraph 28 of Plaintiffs' Complaint.

29.     Defendant Keith admits that during the time period at issue in Plaintiffs'

Complaint, Defendant Keith was a member of the Evergreen Board of Trustees.  With respect to

the allegations that Defendant Keith signed the Registration Statements issued by Evergreen

Trust during the time period at issue in the Complaint, such allegations refer to written

documents, the contents of which speak for themselves.  Accordingly, such allegations are

denied.  Defendants deny the remaining allegations of paragraph 29 of Plaintiffs' Complaint.

30.     Defendant McDonnell admits that during the time period at issue in Plaintiffs'

Complaint, Defendant McDonnell was a member of the Evergreen Board of Trustees.  With

respect to the allegations that Defendant McDonnell signed the Registration Statements issued by

Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written

documents, the contents of which speak for themselves.  Accordingly, such allegations are

denied.  Defendants deny the remaining allegations of paragraph 30 of Plaintiffs' Complaint.

31.     Defendant Norris admits that during the time period at issue in Plaintiffs' Complaint, Defendant Norris was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Norris signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 31 of Plaintiffs' Complaint.

32.     Defendant Pettit admits that during the time period at issue in Plaintiffs' Complaint, Defendant Pettit was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Pettit signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 32 of Plaintiffs' Complaint.

33.     Defendant Richardson admits that during the time period at issue in Plaintiffs' Complaint, Defendant Richardson was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Richardson signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 33 of Plaintiffs' Complaint.

34.     Defendant Salton admits that during the time period at issue in Plaintiffs' Complaint, Defendant Salton was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Salton signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written

documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 34 of Plaintiffs' Complaint.

35.     Defendant Scofield admits that during the time period at issue in Plaintiffs' Complaint, Defendant Scofield was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Scofield signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 35 of Plaintiffs' Complaint.

36.     Defendant Shima admits that during the time period at issue in Plaintiffs' Complaint, Defendant Shima was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Shima signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 36 of Plaintiffs' Complaint.

37.     Defendant Wagoner admits that during the time period at issue in Plaintiffs' Complaint, Defendant Wagoner was a member of the Evergreen Board of Trustees.  With respect to the allegations that Defendant Wagoner signed the Registration Statements issued by Evergreen Trust during the time period at issue in the Complaint, such allegations refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 37 of Plaintiffs' Complaint.

38.     Paragraph 38 sets forth characterizations of Plaintiffs' Complaint, and therefore, no response is required.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Paragraph 41 sets forth characterizations of Plaintiffs' Complaint, and therefore, no response is required.

## IV.     CLASS ACTION ALLEGATIONS

42.     Paragraph 42 sets forth characterizations of Plaintiffs' Complaint, and therefore, no responses are required.

43.     Paragraph 43 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 43 is denied.

44.     Paragraph 44 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 44 is denied.

45.     Paragraph 45 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 45 is denied.

46.     Paragraph 46 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 46 is denied.

47.     Paragraph 47 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 47 is denied.

## V.     VIOLATIONS OF THE SECURITIES ACT

48.     Paragraph 48 sets forth characterizations of Plaintiffs' Complaint and, therefore, no response is required.

## VI.    SUBSTANTIVE ALLEGATIONS

49.     Defendants deny that Defendant EIMCO announced the formation of the Fund on July 14, 2003.  The remaining allegations of paragraph 49 of the Plaintiffs' Complaint refer to a written document, the contents of which speak for themselves.  Accordingly, such allegations are denied.

50.     Defendants admit paragraph 50 of Plaintiffs' Complaint.

51.     Defendants admit that the Fund was named the Ultra Short Bond Fund until August 1, 2005, when it began to be referred to as the Ultra Short Opportunities Fund. Defendants deny that on June 14, 2007, the Fund merged with the Evergreen Limited Duration Fund, but maintained its name as the Ultra Short Opportunities Fund.  The remaining allegations

of Paragraph 51 of Plaintiffs' Complaint refer to a written document, the contents of which speak for themselves.  Accordingly, such allegations are denied.

52.     Defendants admit that the Fund grew from $41 million in net assets as of June 30, 2003 to $731 million in net assets as of March 30, 2008.  The remaining allegations of paragraph 52 of Plaintiffs' Complaint refer to written documents, the contents of which speak for themselves.  Accordingly, such allegations are denied.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendants lack knowledge or information sufficient to for a belief as to the truth of allegations regarding the alleged expert analysis of the Fund's average portfolio duration.  To the extent Plaintiffs allege that their expert's conclusions about duration are accurate, Defendants deny said allegations.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     The allegations in the first sentence of paragraph 57 of Plaintiffs' Complaint refer to a written document, the contents of which speak for themselves.  Accordingly, such allegations are denied.  Defendants deny the remaining allegations of paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Paragraph 59 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 59 is denied.

60.     Defendants deny the allegations in the first sentence of paragraph 60 of Plaintiffs' Complaint.  The remaining allegations of paragraph 60 and footnote 4 of Plaintiffs' Complaint are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, these allegations are denied.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiffs'
Complaint.

67.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in
the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed
to be required to these allegations, Defendants lack knowledge or information sufficient to form
a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are
denied.

68.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in
the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed
to be required to these allegations, Defendants lack knowledge or information sufficient to form
a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are
denied.

69.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in
the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed
to be required to these allegations, Defendants lack knowledge or information sufficient to form
a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are
denied.

70.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in
the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed
to be required to these allegations, Defendants lack knowledge or information sufficient to form
a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are
denied.

71.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

72.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

73.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

74.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

75.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed

to be required to these allegations, Defendants lack knowledge or information sufficient to form

a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are

denied.

76.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in

the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed

to be required to these allegations, Defendants lack knowledge or information sufficient to form

a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are

denied.

77.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in

the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed

to be required to these allegations, Defendants lack knowledge or information sufficient to form

a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are

denied.

78.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in

the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed

to be required to these allegations, Defendants lack knowledge or information sufficient to form

a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are

denied.

79.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in

the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed

to be required to these allegations, Defendants lack knowledge or information sufficient to form

a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

80.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

81.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

82.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

83.     Paragraphs 67-83 contain broad, generalized allegations regarding conditions in the U.S. mortgage industry over a period of years.  To the extent that responses may be deemed to be required to these allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, the allegations in paragraphs 67-83 are denied.

84.     Defendants deny the allegations contained in paragraph 84 of Plaintiffs'
Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of Plaintiffs'
Complaint.

86.     The allegations in paragraph 86 of Plaintiffs' Complaint are derived from a
document in writing, the contents of which speak for themselves.  Accordingly, such allegations
are denied.

87.     The allegations in paragraph 87 of Plaintiffs' Complaint relate to an alleged
"analysis conducted by Plaintiffs of selected mortgage-backed assets held by the Fund."
Defendants lack knowledge or information sufficient to form a belief as to the truth of these
allegations.  Accordingly, such allegations are denied.  Moreover, the allegations of paragraph 87
further purport to characterize "information obtained from Bloomberg," the contents of which,
being in writing, speak for themselves.  Accordingly, those allegations are denied.  Finally, to the
extent paragraph 87 purports to allege specific facts about holdings of the Fund, Defendants deny
paragraph 87 in its entirety.

88.     Defendants deny the allegations contained in paragraph 88 of Plaintiffs'
Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of Plaintiffs'
Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of Plaintiffs'
Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 92.  Accordingly, such allegations are denied.

93.     Defendants admit that Evergreen Trust filed Registration Statements with the SEC for the sale of shares in the Fund.  Further answering, Defendants admit that shares of the Fund were issued to investors pursuant to a series of Registration Statements.  Defendants deny the allegations of the third sentence of paragraph 93.  The remaining allegations of paragraph 93 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 93 are denied.

94.     Defendants admit that the Fund was marketed and sold to investors pursuant to its Prospectus, as supplemented.  Defendants deny the last sentence of paragraph 94 of Plaintiffs' Complaint.  The remaining allegations of paragraph 94 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 94 are denied.

95.     Defendants deny that Prospectuses were regularly supplemented by statements of additional information.  Defendants deny the last sentence of paragraph 94 of Plaintiffs' Complaint.  The remaining allegations of paragraph 95 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 95 are denied.

96.     The allegations of paragraph 96 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 96 are denied.

97.     Paragraph 97 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  Further answering, the allegations of paragraph 97 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 97 are denied.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiffs' Complaint.  Further answering, Defendants deny that all Defendants offered for sale shares of the Fund.

99.     Paragraph 99 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  Further answering, the allegations of paragraph 99 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 99 are denied.

100.    Paragraph 100 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 100 are denied.

101.    Defendants deny the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.     Paragraph 102 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 102 are denied.

103.     Defendants deny the allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.     Paragraph 104 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 104 are denied.

105.     Defendants deny the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of Plaintiffs' Complaint.

107.     Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.     Paragraph 108 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 108 are denied.

109.     Defendants deny the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.     Paragraph 110 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 110 are denied.

111.     Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.     Paragraph 112 of Plaintiffs' Complaint merely purports to quote a document in writing, the contents of which speak for themselves.  Accordingly, the allegations in paragraph 112 are denied.

113.     Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Complaint.

114.     The allegations of paragraph 114 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 114 are denied.

115.     Defendants deny the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.     Defendants admit that the Fund had $41 million in assets under management as of June 30, 2003, and $731 million in assets under management as of March 31, 2008.  Defendants deny the remaining allegations in paragraph 116 of Plaintiffs' Complaint.

117.     Defendants admit that, on June 19, 2008, the Fund was liquidated for $7.48 per share and the Fund reported a total asset value of $403 million.  Defendants further admit that the

Fund reported a total asset value of $731.4 million as of March 31, 2008.  Defendants deny the allegations in the third sentence of paragraph 117 of Plaintiffs' Complaint.  The remaining allegations in paragraph 117 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, the remaining allegations of paragraph 117 are denied.

118.     Defendants deny the allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.     Defendants admit that the $7.48 to be paid to shareholders was calculated after the close of business on June 18, 2008, and that, on June 9, 2008, the Fund's NAV was $9.07 per share.  The remaining allegations of paragraph 119 are denied.

120.     Defendants deny the allegations contained in paragraph 120 of Plaintiffs' Complaint.

121.     Defendants admit that the Fund's fiscal year-end financial statements for the period ending June 30, 2008 have yet to be filed with the SEC.  The remaining allegations of paragraph 121 are denied.

122.     Most of the allegations contained in paragraph 122 of Plaintiffs' Complaint set forth conclusions of law, to which no responses are required.  To the extent that responses to these allegations may be deemed to be required, the allegations are denied.  Defendants deny the remaining allegations in paragraph 122 of Plaintiffs' Complaint.

123.     Defendants admit that the Offering materials contained risk disclosures. Defendants deny the remaining allegations contained in paragraph 123 of Plaintiffs' Complaint.

## COUNT I

124.     Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

125.     Paragraph 125 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 125 is denied.

126.     Paragraph 126 of Plaintiffs' Complaint sets forth conclusions of law, to which no responses are required.  Further answering, the allegations of paragraph 126 are derived from documents in writing, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, paragraph 126 is denied.

127.     Defendant Evergreen Trust admits that it issued shares of the Fund pursuant to the Registration Statements.  Further answering, the allegations contained in the second sentence of paragraph 127 of Plaintiffs' Complaint set forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 127 is denied.

128.     Paragraph 128 of Plaintiffs' Complaint refers to written documents, the contents of which speak for themselves.  To the extent that responses may be deemed to be required, paragraph 128 is denied.  Further, with respect to the Trustee Defendants and Evergreen Trust, paragraph 128 sets forth conclusions of law, to which no responses are required.  For these reasons, paragraph 128 is denied.

129.     Defendants deny the allegations contained in paragraph 129 of Plaintiffs' Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131.     Defendants deny the allegations contained in paragraph 131 of Plaintiffs' Complaint.

132.     The allegations in paragraph 132 set forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 132 is denied.

133.     The allegations in paragraph 133 set forth conclusions of law, to which no responses are required.  To the extent that responses may be deemed to be required, paragraph 133 is denied.

## COUNT II

134.     Defendants incorporate by reference all paragraphs of this Answer as if fully set forth herein.

135.     The allegations of the first sentence of paragraph 135 are characterizations of Plaintiffs' Complaint, and therefore no response is required.  Defendants deny the remaining allegations of paragraph 135 of Plaintiffs' Complaint.  Further answering, the Trustee Defendants state that the Court dismissed Count II as to them.  Accordingly, no response is required to paragraph 135 by the Trustee Defendants.  To the extent that responses may be deemed to be required, paragraph 135 is denied.

136.     The allegations contained in paragraph 136 are characterizations of Plaintiffs'

Complaint, and therefore no response is required. To the extent that a response is required,

Defendants deny the allegations contained in paragraph 136.  Further answering, the Trustee

Defendants state that the Court dismissed Count II as to them.  Accordingly, no response is

required to paragraph 136 by the Trustee Defendants.  To the extent that responses may be

deemed to be required, paragraph 136 is denied.

137.     Defendants deny the allegations contained in paragraph 137 of Plaintiffs'

Complaint.  Further answering, the Trustee Defendants state that the Court dismissed Count II as

to them.  Accordingly, no response is required to paragraph 137 by the Trustee Defendants.  To

the extent that responses may be deemed to be required, paragraph 137 is denied.

138.     Defendants deny the allegations contained in paragraph 138 of Plaintiffs'

Complaint.  Further answering, the Trustee Defendants state that the Court dismissed Count II as

to them.  Accordingly, no response is required to paragraph 138 by the Trustee Defendants.  To

the extent that responses may be deemed to be required, paragraph 138 is denied.

139.     The allegations of paragraph 139 set forth conclusions of law, to which responses

are not required.  To the extent that responses may be deemed to be required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 139, and they are therefore denied.

140.     Defendants deny the allegations contained in paragraph 140 of Plaintiffs'

Complaint.  Further answering, the Trustee Defendants state that the Court dismissed Count II as

to them.  Accordingly, no response is required to paragraph 140 by the Trustee Defendants.  To

the extent that responses may be deemed to be required, paragraph 140 is denied.

141.    The allegations contained in paragraph 141 are characterizations of Plaintiffs'
Complaint, and therefore no response is required.

142.    The allegations of paragraph 142 set forth conclusions of law, to which responses
are not required.  To the extent that responses may be deemed to be required, paragraph 142 is
denied.  Further answering, the Trustee Defendants state that the Court dismissed Count II as to
them.  Accordingly, no response is required to paragraph 142 by the Trustee Defendants.  To the
extent that responses may be deemed to be required, paragraph 142 is denied.

## COUNT III

143.    Defendants incorporate by reference all paragraphs of this Answer as if fully set
forth herein.

144.    The allegations contained in paragraph 144 are characterizations of Plaintiffs'
Complaint, and therefore no response is required. To the extent that a response is required,
paragraph 144 is denied.

145.    The allegations of paragraph 145 set forth conclusions of law, to which responses
are not required.  To the extent that responses may be deemed to be required, Defendants admit
that EIMCO was the investment adviser for the Fund; that Defendant Ferro was the President and
Chief Executive Officer of EIMCO and Principal Executive Officer of Evergreen Trust; and that
Wachovia was the corporate parent of EIMCO.  The remaining allegations of paragraph 145 are
denied.

146.     The allegations of paragraph 146 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 146 is denied.

147.     The allegations of paragraph 147 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 147 is denied.

148.     The allegations of paragraph 148 set forth conclusions of law, to which responses are not required.  To the extent that responses may be deemed to be required, paragraph 148 is denied.

The WHEREFORE paragraph following paragraph 148 constitutes a prayer for relief and therefore no responses are required. To the extent that responses may be deemed required, Defendants deny the allegations in sections (a) through (d) of this WHEREFORE paragraph, and Defendants deny that Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Without undertaking any burden of proof where such burden does not otherwise reside with Defendants, as separate and distinct defenses to the causes of action asserted in the Complaint, Defendants assert and allege as follows:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations including, but not limited to, the statute provided by Section 13 of the Securities Act of 1933.

3.      Defendants EIMCO and EIS have reached settlements with the SEC and the Commonwealth of Massachusetts, Office of the Secretary of the Commonwealth, Securities Division regarding the Fund. The amounts to be paid pursuant to these settlements will fully compensate Class Plaintiffs for any alleged harm arising from the claims asserted in this case.

4.      Plaintiffs' claims fail, in whole or in part, because Plaintiffs knew or should have known of the facts upon which Plaintiffs base their claims of alleged misrepresentations and omissions.

5.      Count I of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 11(b)(3) of the Securities Act of 1933 because the Defendants against whom Count I is alleged (a) conducted a reasonable investigation and after such investigation had reasonable grounds for believing, and did believe, that the statements in any relevant registration statement and/or prospectus were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and/or (b) relied on the authority of, or statements, reports or valuations by, experts, and had no reason to believe that such statements, reports or valuations were false or misleading or were inaccurately represented in any relevant registration statements and/or prospectus.

6.      Counts I, II, and III of the Complaint are barred, in whole or in part, because the decline in NAV referred to in the Complaint and/or the decline in the value of Plaintiffs' securities were caused by factors, such as market forces, other than any alleged misstatements and omissions.  *See* 15 U.S.C. §§ 77k(e), 77l(b).

7.      Plaintiffs' claims are barred or fail, in whole or in part, because Defendants' conduct did not cause any harm to Plaintiffs.

8.      Plaintiffs' claims are barred or fail, in whole or in part, to the extent that Plaintiffs benefitted from any alleged misvaluation of the Fund's investments.

9.      Plaintiffs' claims are barred to the extent Plaintiffs are seeking recovery for losses allegedly incurred by Plaintiffs as a result of their holding shares of the Fund.

10.     Counts I, II, and III of the Complaint are barred, in whole or in part, because Plaintiffs have failed to plead those claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

11.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the alleged misrepresentations and omissions were not material statements of fact.

12.     Counts I, II, and III of the Complaint are barred, in whole or in part, by the "Bespeaks Caution" doctrine.

13.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the registration statements/prospectuses did not contain any untrue statements or omissions of material fact.

14.     Counts I, II, and III of the Complaint are barred, in whole or in part, because the alleged wrongful conduct of Defendants is protected by the business judgment rule and cannot sustain a claim for violations of the Securities Act of 1933.

15.     This matter cannot be certified to go forward as a class action because Plaintiffs have not satisfied, and cannot satisfy, the requirements of Rule 23 of the Federal Rules of Civil Procedure.

16.     Count II of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 12(a)(2) of the Securities Act of 1933 because the Defendants against

whom Count II is asserted did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions.

17.     Count III of the Complaint is barred, in whole or in part, by the due diligence defense set forth in section 15 of the Securities Act of 1933 because the Defendants against whom Count III is asserted had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

18.     To the extent that Count I of the Complaint purports to hold the Trustee Defendants liable as signers of the registration statements/prospectuses, such count fails to the extent that Trustee Defendants did not sign each relevant registration statement and/or prospectus.

19.     Plaintiffs' claims are barred or fail, in whole or in part, because of the lack of actual or proximate cause.

20.     Count II of the Complaint is barred because some or all Plaintiffs received a greater amount in dividends and total returns than any recovery they would receive should they prevail in this lawsuit.

21.     Count II of the Complaint is barred, in whole or in part, due to a lack of privity between Plaintiffs and Defendants.

22.     Count II of the Complaint is barred, in whole or in part, because Defendants, or one or more of them, did not offer or sell any security to any Plaintiff or any member of the alleged class.

23.     Some or all Plaintiffs lack standing to bring the claims asserted in the Complaint

24.     Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, issue preclusion and/or claim preclusion.

25.     Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

26.     Plaintiffs' claims are barred, in whole or in part, by their own failure to mitigate their alleged damages.

27.     Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs on all claims and award such other and further relief to Defendants as this Court may deem just and proper.

Dated: July 16, 2010

Respectfully submitted,

EVERGREEN FIXED INCOME TRUST,
CHARLES A. AUSTIN, SHIRLEY L. FULTON,
K. DUNN GIFFORD, LEROY KEITH, JR.,
GERALD M. MCDONNELL, PATRICIA B.
NORRIS, WILLIAM WALT PETTIT, DAVID M.
RICHARDSON, RUSSELL A. SALTON III,
MICHAEL S. SCOFIELD, RICHARD J. SHIMA,
and RICHARD K. WAGONER

By their attorneys,


   /s/ Robert G. Jones
Robert G. Jones (BBO #630767 )
Abraham R. George (BBO #668949)
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
Robert.Jones@ropesgray.com

## <u>CERTIFICATE OF SERVICE</u>

      I, Abraham R. George, hereby certify that a true and accurate copy of the foregoing Reply Brief in Support of Defendants' Motion to Dismiss electronically filed with the Court this 16th day of July, 2010, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                    /s/ Abraham R. George

                                                  Abraham R. George