UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) ) ) ) ) | No. 1:08-CV-11064-NMG <br><br> CLASS ACTION |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

Court-appointed Lead Plaintiffs and Class Representatives, International Brotherhood of Electrical Workers Local 98, NECA Electrical Workers Joint Apprenticeship Training Trust Fund, First Agency Account LP, Bricklayers and Allied Craftworkers Local 1 of PA/DE Health and Welfare Fund, and the Bricklayers Local 54 of Pennsylvania Supplemental Welfare Fund (collectively, "Lead Plaintiffs"), by and through undersigned counsel, hereby move the Court, pursuant to Fed. R. Civ. P. 23(e), for an order preliminarily approving a proposed settlement in this action ("Settlement") as memorialized in the Stipulation of Settlement ("Stipulation"),[1] attached hereto as Exhibit A, establishing hearing and deadline dates relating to the settlement and its administration and approving the form and methods of notifying the class of the settlement and their rights,

## I.    PRELIMINARY STATEMENT

The parties have negotiated at arm's length  a settlement of the claims asserted on behalf of all persons who purchased or acquired shares of the Evergreen Ultra Short Opportunities Fund (the "Fund") from Evergreen Fixed Income Trust (the "Evergreen Trust" or the "Company") between October 28, 2005 and June 18, 2008 (the "Class Period"), and were damaged thereby (the Class").[2]  The Settlement amount of $25 million in cash represents a significant recovery for

---

[1]     The Stipulation contains all material terms of the Settlement, including, *inter alia*, the manner and form of notice to the Class and the contingencies or conditions to the Settlement's final approval.

[2]     Excluded from the Class are Defendants and any entity in which Defendants or any excluded person has or had a controlling interest,  the Wachovia Affiliated Accounts, the officers and directors of the corporate defendants, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

shareholders of the Fund.  Although Lead Plaintiffs believe in the merits of their case, they recognize that they would face substantial obstacles in establishing liability and damages should this case proceed to trial.  Furthermore, even if this case were to proceed to trial, Defendants[3] could appeal any judgment favorable to the Class, putting at risk, or otherwise delaying, any recovery to Class Members.

Defendants deny each and all of the claims alleged by Lead Plaintiffs.  Nonetheless, Defendants have concluded that further conduct of the Litigation[4] would be protracted and expensive, and it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Attached to the Stipulation (Exhibit "1") are:

(1)  a proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Order" or "Prelim. Order"), (Stipulation Exhibit A);

(2)  Notice of Proposed Settlement of Class Action ("Notice") (Stipulation Exhibit A-1);

(3)  Claim Information Form and Release ("Claim Information Form") (Stipulation Exhibit A-2);

---

[3]     "Defendants" include, collectively, Evergreen Fixed Income Trust, Evergreen Investment Management Company, LLC, Wachovia Corporation, Evergreen Investment Services, Inc., Dennis H. Ferro, Kasey Phillips, Charles A. Austin III, Shirley L. Fulton, K. Dun Gifford, Leroy Keith, Jr., Gerald M. McDonnell, Patricia B. Norris, William Walt Pettit, David M. Richardson, Russell A. Salton III, Michael S. Scofield, Richard J. Shima, and Richard K. Wagoner.

[4]     The "Litigation" is defined in the Stipulation.

(4)     Summary Notice ("Publication Notice") (Stipulation Exhibit A-3);

(5)     Special Notice to Class Members Who Previously Requested to be Excluded Form the Class, and Form of Request for Revocation of Exclusion ("Special Notice") (Stipulation Exhibit A-4); and

(6)     proposed Final Judgment and Order of Dismissal with Prejudice (Stipulation Exhibit B).

The Preliminary Order provides that members of the Class be apprised of the terms of the Settlement by disseminating the Notice via first-class mail to all Class Members who can be identified with reasonable effort and by publishing the Publication Notice on the Internet and in *Investor's Business Daily*.   The Preliminary Order also establishes deadlines for the following events necessary to consummate the Settlement: (1) mailing the Notice; (2) publication of the Publication Notice; (3) Class Members' requests for exclusion from the Class; (4) filing objections to the terms of the Settlement and the Plan of Allocation of the Settlement proceeds; (5) filing Claims Information Forms by Class Members; (6) revoking a prior request to be excluded from the Class; and (7) filing of papers for final approval of the Settlement.   Because the settlement is fair, reasonable, and adequate, and the methods of notice set forth in the Proposed Order are in the best interests of the Class, the Preliminary Order should be entered.

## II.   ARGUMENT

### A.   The Settlement of This Action is in the Best Interest of the Class and Should be Preliminarily Approved

Federal Rule of Civil Procedure 23(e) requires court approval for any compromise of a class action.  *See Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009); *Hochstadt v. Boston Sci. Corp.*, 708 F. Supp. 2d 95 (D.

Mass. 2010).   In *Hochstadt*, the court explained that approval of a settlement is a two-step process which first requires the court to make a preliminary determination regarding the "fairness, reasonableness, and adequacy" of the settlement to determine if it warrants public notice and hearing.   *Id*. at 97 n.1, 106-07 (citing *Manual For Complex Litigation* (Fourth), § 13.14 (2004)).   If so, "the final decision on approval is made after the hearing."   *Id*. at 106.

Because this case is in the preliminary approval stage, the Court must determine whether the settlement is reasonable.   *Hochstadt*, 708 F. Supp. 2d at 107.   While the proponents of the settlement bear the burden of showing that it is reasonable, "there is a presumption in favor of the settlement 'if discovery has been adequate and the parties have bargained at arms length' . . . ."   *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44 (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)); *see also Hochstadt*, 708 F. Supp. 2d at 107 ( "a presumption of fairness attaches to the court's preliminary fairness determination when '(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected'") (quoting  *In re Lupron Mktg. and Sales Practices Litig*., 345 F. Supp. 2d 135, 137 (D. Mass. 2004)).

In determining whether to approve the Settlement, the Court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."   *Bennett v. Behring*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Nat'l Ass'n of Chain Drug Stores,* 582 F.3d at 44 ("policy encourages settlements").   Indeed, "[i]f the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable."   *Howe v. Townsend (In re Pharm. Indus. Average*

*Wholesale Price Litig.*), 588 F. 3d 24, 32-33 (1st Cir. 2009) (citation omitted); *Van Meter v. Harvey*, Civil Docket No. 1:09-cv-00633-NT, 2012 U.S. Dist. LEXIS 61387, at *4 (D. Me. May 2, 2012) ("The First Circuit … recognizes a presumption in favor of a proposed settlement agreed to after meaningful discovery and arms-length negotiations") (citing *City P'ship Co.*, 100 F.3d at 1043).

Lead Plaintiffs have litigated this case for approximately four years and through the completion of discovery.  During discovery, hundreds of thousands of pages of documents were reviewed. The parties conducted fifteen (15) fact depositions and six (6) expert depositions. During that time, this Court has denied, in substantial part, a motion to dismiss the complaint, and certified over defendants' challenge the Litigation as a class action pursuant to Fed. R. Civ. P. 23.  *See* Dkt. Nos. 46, 73.  In addition, certain defendants moved for partial summary judgment, but subsequently withdrew that motion.  *See* Dkt. Nos. 80, 93.  Thus, at the time the settlement was reached, this case was ready for trial.  Accordingly, Lead Counsel and Lead Plaintiffs have had more than a sufficient opportunity to assess and develop the merits of their case.  In light of the full understanding and appreciation of the strengths and weaknesses of their case, Lead Plaintiffs firmly believe that the Settlement – reached as a result of arm's length negotiations that included two unsuccessful mediation sessions with the Hon. Nicholas H. Politan (Ret.) – is fair, reasonable, and in the best interests of the Class. [5]  *See Bussie v.*

---

[5]    "In evaluating the fairness of the Settlement, the Court does not rule on the merits of either the Class's claims or [defendant's] multiple defenses."  *Bussie*, 50 F. Supp. 2d at 76 (citing *I.U.E. v. Unisys*, 858 F. Supp. 1243, 1266 (E.D.N.Y. 1994) (approval of settlement does not require adjudication of merits)).

*Allmerica Fin. Corp,* 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (extensive discovery efforts, retention of expert consultants, and arms' length negotiations over the course of several months support strong initial presumption of settlement's substantive fairness).

Lead Counsel also firmly believe the Settlement is in the best interests of the Class, which further supports the granting of preliminary approval of the Settlement.  *See Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000) ("When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight."); *Bussie*, 50 F. Supp. 2d at  77 ("The Court's fairness determination also reflects the weight it has placed on the judgment of the parties' respective counsel, who are experienced attorneys and have represented to the Court that they believe the settlement provides to the Class relief that is fair, reasonable and adequate."). Finally, the $25 million cash settlement is well within the range of reasonableness so as to warrant preliminary approval of the settlement and the issuance of notice to the Class.  *See Hochstadt*, 708 F. Supp. 2d at 109 (preliminarily approving $8.2 million settlement where maximum estimated damages were $30 million). Here, Plaintiffs' damages expert, Candace L. Preston, CFA, of Financial Markets Analysis, LLC, opined that the estimated recoverable damages were approximately $97 million.[6] Thus, the $25 million recovery represents approximately 26% of the estimated recoverable damages as calculated by Plaintiffs'

---

[6]     This does not include any reduction for the monies Class Members received pursuant to the Fund's settlement with the Securities and Exchange Commission (the "SEC Settlement"). When damages are reduced by amounts already received by Class Members from the SEC Settlement, the $25 million recovery represents 37% of the estimated recoverable damages.

expert. Such is well within the range of reasonableness necessary to approve a securities class action settlement.[7]

At the Settlement Hearing, Class Members who have timely filed and served their notices of intention to appear may voice their objections, if any, to the Settlement. The Court can then consider the merits of the Settlement in light of any objections and determine whether to grant final approval of the Settlement. Lead Counsel will have submitted briefs and other documents in support of the Settlement and in support of their request for attorneys' fees and reimbursement of expenses, and the Court will then determine the appropriate amounts to be awarded. At that time, if the Court finds the Settlement fair and reasonable, the Court should enter the Final Judgment and Order of Dismissal with Prejudice, dismissing this action and affecting a release of all claims as provided for in the Stipulation.

## B.     The Proposed Notice is Adequate

As part of the Stipulation, the parties have negotiated the form of the Notice and the summary Publication Notice to be sent to members of the Class to apprise them of the terms of the Settlement, their rights in connection with the Settlement, and the date of the Settlement Hearing for final approval by the Court. The Notice, which will be sent by mail to Class Members, has been carefully drafted to comply with the provisions of the Private Securities

---

[7]      In 2011, sixty-eight cases asserting claims under Sections 11 and 12(a)(2) of the Securities Act were settled. The median settlement as a percentage of estimated damages in those cases was 7.4%. *See* Ellen M. Ryan and Laura E. Simmons, *Securities Class Action Settlements - 2011 Review and Analysis* (Cornerstone Research), http://www.cornerstone.com/files/News/85d21ef6-25ff-45d0-8147-b6e69dfd7115/Presentation/NewsAttachment/6d6e4c44-93a5-4616-8ba1-0e7e6ce519f8/Cornerstone_Research_Settlements_2011_Analysis.pdf at 11.

Litigation Reform Act of 1995.  *See* 15 U.S.C. §78u-4(a)(7).  Along with the Notice, Class Members will receive a Claims Information Form ("CIF"). The CIF will be prepared by the Claims Administrator using data and information provided by Defendants, or otherwise obtained by Lead Plaintiffs, concerning Class Members' transactions in shares of the Fund during the Class Period ("Transactional Data"). Class Members whose Transactional Data is correct need only sign the CIF and return it to the Claims Administrator. Class Members whose Transactional Data is incomplete or inaccurate will need to provide their purchase and sale information for their shares of the Fund to the extent incorrect or missing, accompanied by supporting documentation to the Claims Administrator. Heffler Claims Administration, the Claims Administrator retained by Lead Counsel will process the CIFs and then calculate payments in accordance with the Settlement's Plan of Allocation, which is described in the Notice..

The parties have agreed to use the traditional methods for notifying Class Members of the Settlement:  by U.S. mail, publication on the Internet, and publication in a national newspaper focusing on investors.  *See* Dkt. No.  85 (ordering that notice of the certified class action be provided to all Class members via first-class mail and by publication in *Investor's Business Daily*).  The parties have also agreed to publish the Publication Notice on the *Business Wire.* Following the entry of the Preliminary Order, the Claims Administrator will mail the Notice and CIFs to Class Members whose names and addresses were provided by Defendants and others based on mutual fund account information and information gathered in connection with the Fund's settlement with the SEC.[8]  Class Counsel will cause the Publication Notice to be

_____

[8]     The Preliminary Order provides that nominees who purchased shares of the Fund on behalf

published on the Internet, *Investor's Business Daily* and *Business Wire*.  These methods of notice satisfy the requirements of due process in class actions like this one.  *See, e.g.*, *In re StockerYale, Inc. Securities Litigation,* Master File No. 1:05-cv-00177-SM, 2007 U.S. Dist. LEXIS 94004 (D.N.H. Dec. 18, 2007) ** 4, 7 (finding that due process is satisfied where notice mailed by first class mail to all class members who can be identified with reasonable effort and summary notice is published once in the national edition of Investor's Business Daily and PR Newswire.).

In addition, a Special Notice will be sent to Class Members who previously requested to be excluded from the Class pursuant to the Court's March 9, 2012 Order.  *See* Dkt. No. 85.  The Special Notice will apprise such Class Members of their right to request revocation of that previous exclusion from the Class in light of the settlement, and provide them with a form to revoke such previous exclusion request.

Consistent with Fed. R. Civ. P. 23(e), upon notification of the Settlement, Class Members have three choices: (1) approve the Settlement and share in the Settlement proceeds by submitting a CIF; (2) exclude themselves from the Settlement by "opting out" of the Class, in which case they will not participate in the Settlement recovery and will retain their right to pursue individual claims against Defendants; or (3) disapprove of the Settlement and/or the attorneys' fee and expense petition by objecting to its terms.[9]  To participate in the Settlement,

---

of beneficial owners shall send the Notice and CIF to those beneficial owners within ten (10) days of the receipt of such documents, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the CIF to such beneficial owners.  Prelim. Order ¶ 5.  This provision ensures that all beneficial owners ultimately receive the Notice and CIF.

[9]     In addition, Class Members who had previously submitted requests to exclude themselves from the Class may either rest on that prior request for exclusion, in which case they need do

Class Members must submit their CIFs within the time specified in the Preliminary Order.  Class

Members who wish to exclude themselves from the Settlement must submit a timely request for

exclusion.  Class Members who wish to object to the Settlement must file and serve a notice of

their intention to appear and object.  Objectors can submit a memorandum of law in opposition

to the Settlement and can appear before the Court at the Settlement Hearing.  This Court should

find that the Notice and the procedures for its dissemination are reasonably calculated to provide

notice of the Settlement to the Class, comport with Fed. R. Civ. P. 23(e), and are adequate.

> **C.**     **The Court Should Adopt the Deadlines Set Forth in the Preliminary Order**

To facilitate the orderly resolution of this action, the parties propose that the Court adopt

the following deadlines governing this Settlement, as set forth in the Preliminary Order:

| Event | Proposed Deadline |
|---|---|
| Mailing of Notice<br>(*See* Prelim. Order ¶4(a)) | 30 days after entry of Preliminary Order |
| Summary Notice Publication<br>(*See* Prelim. Order ¶4(b)) | 10 days after mailing of the Notice |
| Proof of Publication and Mailing of Notice<br>(*See* Prelim. Order ¶4(d)) | 14 days prior to the Settlement Hearing |
| Filing Motion for Final Approval<br>of Settlement and Award of Attorneys'<br>Fees and Reimbursement of Expenses | 44 days prior to Settlement Hearing |
| Filing Requests for Exclusion<br>(*See* Prelim. Order ¶10) | 30 days prior to the Settlement Hearing |

---

nothing, or request revocation of that previous exclusion from the Class by signing and
completing a Request for Revocation of Exclusion Form.

| | |
|---|---|
| Filing Objections<br>(*See* Prelim. Order ¶13) | 30 days prior to the Settlement Hearing |
| Filing Reply in Further Support of<br>Approval of Settlement and Award of<br>Attorneys' Fees and Reimbursement of<br>Expenses | 7 days prior to the Settlement Hearing |
| Settlement Hearing<br>(*See* Prelim. Order ¶2) | At least 120 days after entry of Preliminary<br>Order |
| Deadline for Claim Information Forms<br>(*See* Prelim. Order ¶8) | 90 days from Notice Date |

## III.   CONCLUSION

The parties respectfully request that this Court enter the proposed Order annexed as Exhibit A hereto, find preliminarily that (i) the Settlement is reasonable and fair, and (ii) notification to the Class Members of the terms of the Settlement and of their rights in connection with the Settlement is warranted.

Dated: June 29, 2012

Respectfully submitted,

Robbins Geller Rudman & Dowd LLP

_____s/JACK REISE_____
Jack Reise
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000

Cohen, Placitella & Roth, P.C.

_____s/STEWART L. COHEN_____
Stewart L. Cohen
Michael Coren
Stuart J. Guber
Two Commerce Square, Suite 2900
Philadelphia, PA  19103
(215) 567-3500

12

Evangelista & Associates, LLC

_____s/JAMES EVANGELISTA___
James Evangelista
One Glenlake Parkway, Suite 700
Atlanta, GA  30328
(404) 478-7195

*Class Counsel and Lead Counsel for
Plaintiffs*


Pyle Rome Ehrenberg, P.C.
Betsy Ehrenberg, BBO #554628
18 Tremont Street, Suite 500
Boston, MA  02108
(617) 367-7200

*Liaison Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 29, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/JACK REISE