UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE EVERGREEN ULTRA SHORT OPPORTUNITIES FUND SECURITIES LITIGATION | ) ) ) ) ) ) | No. 1:08-CV-11064-NMG<br><br>CLASS ACTION |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

WHEREAS, a consolidated action is pending before this Court styled *In re Evergreen Ultra Short Opportunities Fund Securities Litigation*, No. 1:08-CV-11064-NMG (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of June 22, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Wednesday, December 5, 2012, at 3:30 p.m., at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and any award to Lead Plaintiffs for their representation of the Class.

3. The Court approves the form, substance and requirements of: the Notice of Proposed Settlement of Class Action ("the Notice"), the Claim Information Form and Release ("the CIF"), the Summary Notice ("the Summary Notice"), and the Special Notice to Class Members Who Previously Requested to Be Excluded From The Class and Form of Request for Revocation of Exclusion annexed to the Stipulation as Exhibits A-1, A-2, A-3 and A-4 respectively. The Court further finds that the form, content and mailing of the Notice, the publishing of the Summary Notice and the posting of the Stipulation, the Notice and the CIF on the Claims Administrator's website substantially in the manner and form set forth in ¶4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended 15 U.S.C. §77z-1(a)(7), including the Private Securities Litigation Reform Act of 1995, and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

4. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Heffler Claims Administration ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **August 24**, 2012 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, the CIF, and the Special Notice, substantially in the forms annexed as Exhibits A-1, A-2 and A-4 to the Stipulation, to be mailed by first class mail to all Class Members who can be identified with reasonable effort; and to be posted on its website at www.evergreenultrashortlitigation.com;

(b) Not later than **September 3**, 2012, the Claims Administrator shall cause the Summary Notice substantially in the form annexed as Exhibit A-3 to the Stipulation to be published once in the national edition of *Investor's Business Daily* and the *Business Wire*;

- 2 -

(c) Not later than **September 3**, 2012, the Claims Administrator shall post on its website at www.evergreenultrashortlitigation.com, the Stipulation, Notice and the CIF; and

(d) Not later than **November 21**, 2012, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. Nominees, brokers or omnibus account holders who purchased shares of the Fund for the benefit of another Person during the period October 28, 2005 to June 18, 2008, inclusive, shall be requested to send the Notice and the CIF to all such beneficial owners of shares of the Fund within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the CIF to such beneficial owners. Lead Counsel shall promptly bring to this Court's attention and request a conference or a ruling from the Court where necessary on any issues relating to a nominee, broker or omnibus account's duty and obligation to provide to the Claims Administrator beneficiary or a subaccount holder's identity and transactional information in a usable, economic and efficient form.

6. All fees, costs, and expenses incurred by the Claims Administrator or Lead Counsel in identifying and notifying members of the Class shall be paid from the Settlement Fund.

7. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who wish to receive a distribution from the Net Settlement Fund shall sign and return the CIF in accordance with the instructions contained therein. Unless the Court orders otherwise, all CIFs must be submitted no later than ninety (90) days from the

Notice Date, **November 21, 2012.** Any Class Member who does not timely submit a CIF within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted CIFs for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

9. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **November 5**, 2012. A Request for Exclusion must be signed and state the name, address, and telephone number of the Person requesting exclusion, and must also state that the Person wishes to be excluded from the Class. In addition, in order to assist in the claims administration process, the Notice and/or the Summary Notice may request that a Request for Exclusion state: (a) the number of shares the Person held in the Fund on the day prior to the start of the Class Period; (b) the Person's purchases of shares of the Fund during the Class Period, including the dates, the number of shares of the Fund purchased, and price paid for each such purchase; and/or (c) the Person's sales of shares of the Fund during the Class Period, including the dates, the number of shares of the Fund sold, and price received for each such sale. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under

the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.

11. Any member of the Class who had previously submitted a request for exclusion pursuant to the Notice of Pendency of Class Action ordered by the Court on March 9, 2012 is not required to submit another request for exclusion. However, they will receive an opportunity to revoke their request pursuant to the provisions of the Special Notice.

12. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, as well as any written revocations of previous requests for exclusion referenced in ¶10, as expeditiously as possible and in any event no later than twenty eight (28) days prior to the Settlement Hearing.

13. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs or an award to Lead Plaintiffs for their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Jack Reise, Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432; Stuart J. Guber, Cohen, Placitella & Roth, P.C., Two Commerce Square, Suite 2900, Philadelphia, PA 19103; Thomas L. Allen, Reed Smith LLP, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222;

Robert G. Jones, Ropes & Gray LLP, Prudential Tower, 800 Boylston St., Boston, MA 02199-3600, on or before **November 5**, 2012; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Massachusetts, on or before **November 5**, 2012. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and the payment of an award to Lead Plaintiffs for their representation of the Class, unless otherwise ordered by the Court.

14.   All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.   All papers in support of the settlement, Plan of Allocation and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶13 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

16.   Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any award to Lead Plaintiffs for their representation of the Class, should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.4 or ¶2.5 of the Stipulation.

19. Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any Released Person.

22. All proceedings in this Litigation are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

23. If (a) the Stipulation is terminated by Defendants as provided in ¶7.4 of the Stipulation; or (b) any specified term or condition of the Settlement as set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, ¶7.5 of the Stipulation shall apply, this Order may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed as of May 4, 2012.

24. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: July 24, 2012

_____
THE HONORABLE NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE