United States District Court
District of Massachusetts

```
_____
                               )
IN RE EVERGREEN ULTRA SHORT    )    Civil Action No.
OPPORTUNITIES FUND SECURITIES  )    08-11064-NMG
LITIGATION                     )
                               )
_____)
```

ORDER

GORTON, J.

This matter having come before the Court on December 5, 2012, on the application of counsel for Lead Plaintiffs for an award of attorneys' fees and expenses incurred in the above-captioned action, the Court, for the reasons stated below and having considered all papers filed and proceedings conducted herein, having found the Settlement of this action to be fair, reasonable and adequate, therefore finds:

**IT IS HEREBY ORDERED, ADJUDGED and DECREED:**

1. For the reasons stated herein, the Court hereby awards Lead Counsel attorneys' fees in the amount of $6,000,000 (24% of the Settlement Fund), plus expenses in the amount of $798,277.56, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.[1]

---

[1] The fee award amounts to 100% of the lodestar calculation of fees incurred by all Lead Counsel plus an additional 30% premium.

-1-

2.  This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.  All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement (Docket No. 95) dated as of June 22, 2012 ("the Stipulation"), and filed with the Court.

4.  The Court has evaluated the factors as set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) as adopted by this Circuit "for use in sculpting fee awards" Coutin v. Young & Rubicam P.R., 124 F.3d 331, 337 n.3 (1st Cir. 1997) (citing Johnson, 488 F.2d at 717-19 and Segal v. Gilbert Color Sys., Inc., 746 F.2d 78, 86 (1st Cir. 1984)) and finds that each of the relevant factors supports the fee awarded to Lead Counsel.[2]

5.  The proposed Settlement is the product of considerable

---

[2] The Court has not evaluated: (4) the preclusion of other reemployment by the attorney(s) due to acceptance of the case; (7) the time limitations imposed by the client or the circumstances; (10) the "undesirability" of the case; or (11) the nature and length of the professional relationship with the client, because those factors are of minimal relevance to this request and do not weigh against the requested fee. See In re Xcel Energy, Inc., 364 F. Supp. 2d 980, 993 (D. Minn. 2005) ("Plainly, not all of the individual Johnson factors will apply in every case, so the court has wide discretion as to which factors to apply and the relative weight to assign to each.").

time and labor expended by Lead Counsel who faced novel and difficult legal obstacles both at the motion to dismiss stage and at class certification. The Settlement obtained on behalf of the Class is due, at least in part, to the quality of the representation provided by Lead Counsel. The favorable nature of the $25 million Settlement is also supported by a review of recoveries in other securities class action settlements. See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained").

6. The Court finds that, given the substantial risks of non-recovery, the time and effort involved and the result obtained for the Class, the amount of fees awarded is appropriate, fair and reasonable under the "percentage-of-fund" method when cross-checked against Lead Counsels' lodestar fee calculation. Lead Counsel collectively devoted 7,039.10 hours to the prosecution and settlement of the Litigation, resulting in a total lodestar of $4,601,270. The award of legal fees of 24% of the Settlement applies a multiplier of 1.3 to the lodestar. This multiplier is reasonable and in the range of multipliers found reasonable for "cross-check" purposes in common fund cases in this Circuit.

7. The fees shall be allocated among counsel for Lead Plaintiffs by Lead Counsel in a manner that reflects each such counsel's contribution to the institution, prosecution and

resolution of the captioned action.

8. The Court finds that Lead Counsels' expenses were reasonably and necessarily incurred in prosecuting the Litigation. In addition to expenditures related to travel for attending hearings, depositions, meetings, mediations, mediation services and court fees, a significant component of Lead Counsels' expenses is the cost of experts, consultants, and investigators who contributed to the successful prosecution and resolution of the Litigation.

9. The Court finds that Lead Plaintiffs have fully discharged their obligations under the Private Securities Litigation Reform Act and were actively involved in the Litigation. They worked closely with counsel throughout the case, communicated with counsel on a regular basis, reviewed and provided input with respect to counsel's submissions, provided information, produced documents, and participated in settlement discussions. Therefore, the Court hereby awards Lead Plaintiffs for the time they spent assisting in the prosecution of the above-captioned action as follows:

| | |
|---|---|
| Bricklayers Local 54 of Pennsylvania | $5,874 |
| First Agency Account LP | $20,000 |
| Bricklayers and Allied Craftworkers Local 1 of PA/ DE Health and Welfare Fund | $20,000 |
| International Brotherhood of Electrical | $4,376 |

Workers Local 98

NECA Electrical Workers Joint Apprenticeship        $4,376
Training

10. The awarded attorneys' fees and expenses and interest thereon shall immediately be paid to Lead Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular section 6.2 thereof, which terms, conditions and obligations are incorporated.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 10, 2012